*Court of Common Pleas, Dauphin County, March 13th, 1852.*

### SHELL *v.* McCONNELL.

Upon a *certiorari* to a justice of the peace, the plaintiff may take affidavits to show that the judgment was fraudulent; and also to prove that the date was incorrect, in order to show that the *certiorari* was issued within twenty days.

BY THE COURT.—The proceedings of the justice in this case appear on the record to be perfectly regular, and the *certiorari* did not issue for more than twenty days after the rendition of the judgment, if we may judge from the transcript. Can this judgment be impeached? It is very certain that it cannot be done collaterally; but depositions are offered for the purpose of impeaching it directly, and showing that the same was fraudulently and improperly entered by the justice at a time long subsequent to that stated on the docket. As a general rule, no depositions can be received to sustain or overturn the proceedings of a justice when brought before the court on a *certiorari*, but the same must be judged of by the record alone. To this rule there are admitted exceptions. You may show that the magistrate had, or had not jurisdiction; that the case was pending before another justice. You may also show corruption or partiality on the part of the justice; or that his docket was falsely kept. The court must go into inquiries, *per testes*, to show that the magistrate has exceeded his jurisdiction, or acted partially or corruptly, or has made up a false record. To refuse this would, in many cases, be shutting out the only means of light. A justice might make a regular entry of the issuing and return of a summons, the appearance or default of a party, and the rendition of a judgment, when, in fact, no summons had issued, the party never had notice, and the service of an execution was his first knowledge of the claim. This might be done by a magistrate who was perfectly irresponsible. Although the act of 1810 forbids the setting aside of any judgment on a *certiorari*, unless the same was issued within twenty days after the rendition of the judgment, yet that can only apply to such as are publicly rendered pursuant to the act of Assembly, and of which the defendant had notice. The legislature never intended to exclude an examination from such as were corruptly and secretly entered without notice; and still less would the law debar a party from inquiring into the actual time of entering the judgment, although it might lead to a contradiction of the record. The most solemn records of the highest courts of judicature in the country may be impeached for actual fraud. The question presented by the depositions is one of *actual fraud*. Whether a false entry was or was not made on the docket of the justice of a

[Shell *v.* McConnell.]

judgment rendered November 24th, when in fact it was not done until December 9th. This must be clearly and satisfactorily made out. The principal evidence in the case is that of Solomon Shadon and the written certificate of the justice. Shadon testifies, that he was subpœnaed as a witness to attend before the justice in this same case on December 9th; that he did attend; that the justice said he had made no docket entries in the case; that he had given no judgment against the defendant, who then demanded a nonsuit. This was granted, and a certificate given him by the justice to that effect; which certificate is annexed to the depositions. The justice afterwards told the defendant on the same day, that the cause was at an end, and the judgment would not be opened; that the plaintiff had no remedy except by an appeal. This evidence, standing as it does entirely uncontradicted, is so conclusive that it cannot be disregarded. The defendant took all the precautions that he possibly could, and more than is usual, in obtaining the certificate of nonsuit from the justice, and was not bound to look further after the case. He had every reason for believing that it was at an end. If no subpœna issued for the witness returnable on December 9th; if the justice was not called on at that time to enter a nonsuit; if his docket entries were all of them regularly made, as now exhibited to court, there might be some proof to that effect made by the plaintiff. At least the deposition of the justice should be produced. The evidence stands uncontradicted. It is true that the justice certifies that the paper furnished by him was the mere form of a nonsuit. But, why give the defendant the form of a nonsuit on December 9th, when judgment had been rendered against him November 24th, preceding? The most charitable construction we can come to is, that the magistrate, having, as he says, made no docket entries at the time, had set all down from memory long afterwards, when the circumstance of nonsuit was forgotten. Keeping a docket in the memory is most irregular, and will always lead to mistake. It is itself a fatal error. This judgment must be reversed. But if the plaintiff has a good cause of action, and recovers in another suit, he will obtain all that he loses by this proceeding; if he has not, he cannot complain of any injustice through the default of the magistrate.

*Rawn, for plaintiff.*

*Herr, for defendant.*