## Augustus W. Newell v. The Great Western Railway Company of Canada.

*Process : Service on a non-resident corporation.* The service of a declaration as commencement of suit by a non-resident, against a corporation created by a foreign government, the cause of action arising within the jurisdiction of such government, upon an officer of the corporation, then being casually within this State, but not here in the performance of the duties of his office, nor authorized, in any way, by the corporation to submit to such service, confers no jurisdiction.

*Heard October 23. Decided October 26.*

ᵕError to Wayne Circuit.

This is an action on the case commenced by Augustus W. Newell against The Great Western Railway Company of Canada, in the Circuit Court for the County of Wayne, to recover damages for his eviction from the cars of the defendants, in Canada.

NEWELL v. THE GREAT WESTERN RAILWAY CO.

It was commenced by declaration, which contains four counts:

The *first* count avers that the defendants are a corporation created by and existing under the laws of Canada, and that the railway of the defendants reaches from the Niagara river to the Detroit river, opposite to Detroit:— That the Michigan Central Company's road reaches from Detroit to Chicago, in Illinois:—That both are connecting lines for carrying goods and passengers, and mutually receive the price of freight over the two lines, and each selling and giving tickets for both lines:—That the plaintiff bought at Chicago a ticket authorizing him to travel from Chicago to Detroit over the Michigan Central, and thence from Detroit to the Suspension Bridge, over the road of the defendants:—That the defendants, after carrying him from Windsor to Ingersoll, in Canada, refused to carry him further, and removed him from their cars.

The *second* count avers that the defendants, being such Canadian corporation, are authorized by the laws of Canada, and permitted by the laws of Michigan to carry passengers from Detroit to Suspension Bridge over the Niagara river:—It sets forth a contract, made at Detroit, to convey the plaintiff from Windsor, opposite Detroit, to Suspension Bridge, and its violation at Ingersoll, in Canada, after being carried about half the distance.

The *third* count avers the corporate existence of the defendants in Canada, and their authority to carry passengers from the Detroit river to the Niagara river; their undertaking, at Windsor, to carry the plaintiff from Windsor to Supension Bridge, and their violation of it in Canada.

The *fourth* count is similar, except that it is more specific in its averments of the breach.

A copy of the declaration, and of the rule to plead endorsed thereon was served by delivery to one Joseph Price, the treasurer of the defendant, in the city of Detroit.

19 MICH.—Q².

The sheriff's return is as follows:

"STATE OF MICHIGAN, County of Wayne, ss. I hereby certify and return that on the first day of September, 1869, I served the declaration, of which the within is a copy, on the defendant named in said declaration by delivering to Joseph Price, the treasurer of the defendant, together with a true copy of the notice to appear and plead hereon endorsed, in said County of Wayne."

The defendants specially appeared on the second day of September, and filed a plea in abatement, with a notice endorsed thereon of such special appearance. [The plea is set forth in the opinion of the Court.]

The plaintiff demurred to the plea: on the argument the demurrer was overruled and judgment entered for the defendants, which judgment the plaintiff brings into this Court by writ of error.

*Hal. E. McNeil,* for plaintiff in error.

I. It sufficiently appears that the defendants in this suit are permitted to transact, and do transact business in the State of Michigan. Their line of road connects with that of the Michigan Central, and the second count of the declaration avers a contract made at Detroit.

II. It is contrary to public policy to allow them thus to transact business and make contracts, and to sue in our courts, without being subject to the jurisdiction of those courts when they are sued for a violation of such contracts. —*Bank of Augusta v. Earle, 13 Peters, 519.*

Without citing the cases at length in this matter, the court is referred to the summary of them in *Angell & Ames on Corporations,* §§*402* to *407,* and to *Moulin v. Insurance Co., 4 Zabriskie, 222; March v. Eastern R. R. Co., 40 New Hampshire, 548.*

III. But we insist that the service of the process in this case was valid under the statute, and that there is no

distinction in this respect between a native and a foreign corporation.—*2 Comp. L. 1,289 § 4,835.*

*Theo. Romeyn,* for defendants in error.

The main inquiry is, whether a foreign corporation can be *compelled* to defend themselves in the courts of Michigan, on a claim for unliquidated damages, for the violation of a contract made with a citizen of another State, to be performed in Canada, and violated in that province.

I. The provisions in the Compiled Laws of Michigan (§*4,835*) are not applicable to suits commenced against *foreign* corporations.

To make them applicable would be to introduce an anomalous and unexampled course of procedure, and would involve a construction which the court will not adopt unless compelled to do so by the terms of the statute. The terms of the statute do not require such construction, and other statutory provisions are opposed to it.— *Comp. L.* §§ *4,743, 4,841, 3,701, 4,846.*

II. It was competent for the defendants, without waiving or weakening their rights in other respects, to appear (as they have done) *specially,* and for the sole purpose of objecting to the jurisdiction.— *Wright v. Boynton, 37 N H. 9 ; Cunningham v. Goelet, 4 Denio, 71.*

III. The defendants are a foreign corporation, permitted by comity to transact business here, but in fact constituting a citizen of another sovereignty, and, in legal contemplation, residing there.—*Ohio & Miss. R. R. Co. v. Wheeler, 1 Black, ( U. S.), 286, and cases hereafter cited.*

IV. The plaintiff in this case is a non-resident. The second count, ( which states the case most strongly for him ), avers a contract made at Detroit, but to be performed in Canada, and that it was there broken. There is nothing in comity which requires our courts to take cognizance of

an action brought here for such violation by a non-resident plaintiff.

V. An officer of the corporation coming here on his own and not on the company's business, and found accidentally here, does not represent the company in an official capacity, and service on him does not compel the company to appear generally and answer to the merits in a case like this.

VI. We distinguish this case from that of a corporation acting in a State foreign to its creation, under a law of that State which recognizes its existence for the purposes, of making contracts there and being sued upon them. And from cases where a corporation, created by a State, sees fit to establish a place of business in another State, and to station its officers there with authority to do or to receive on their behalf. And from a case where the contract is made in Michigan with a citizen of this State. Or where it is made elsewhere to be performed here, and is violated here. The present case, on the conceded facts, involves none of these elements, as we have shown. Neither is the claim such that it could have been sued for by attachment.

We rely, among others, on the following cases and the authorities cited in them:

*Aikin v. W. R. R. Corp.*, 20 N. Y. 370–376 ; *Lafayette Ins. Co. v. French*, 18 How. 404, 408 ; *Matter of McQueen*, 16 Johns. 6 ; *Peckham v. North Parish*, 16 Pick. 274, 286 ; *March v. Eastern R. R. Co.*, 40 N. H. 548, 577 ; *Moulin v. Insurance Co.*, 4 Zab. 222 ; *Gardner v. Thomas*, 14 Johns. 137 ; *Congar v. Galena R. R.*, 17 Wis. 477.

GRAVES J.

The plaintiff in error filed a declaration in the Court below against the defendants in error, and caused a copy to be served as the commencement of suit, in the County

of Wayne, in this State, by a deputy of the sheriff of such county on one Joseph Price, who was stated in the certificate of service made by the officer to have been the Treasurer of the company.

The declaration after averring that the defendants in error were a Canadian corporation owning and operating a line of railroad from Suspension Bridge in Canada to the Detroit river at Windsor, opposite Detroit, and carrying passengers in connection with the Michigan Central Railroad Company upon tickets sold by such companies respectively; proceeds to allege in different counts a contract with the plaintiff in error, by which the company agreed to carry him over their road in Canada, and their violation of such engagement by removing him from their cars at Ingersoll. The first count stated that Newell purchased his ticket at Chicago; the second that he made his contract for carriage at Detroit; and the third and fourth that he made it at Windsor.

The company pleaded to the jurisdiction of the Circuit Court; and to that plea the plaintiff in error interposed a general demurrer; on which judgment passed for the former.

The plaintiff below now brings error and claims that the demurrer was well taken.

The question to be determined is, whether the service of the declaration on Joseph Price was sufficient to give the Circuit Court jurisdiction over this foreign corporation, under the circumstances presented by this record.

Since the plea raises the question to be decided, and the facts contained in it are admitted by the demurrer, our decision will perhaps be better understood if we quote its averments, which are as follows:—" And the said defendants, by Theodore Romeyn, their attorney (employed and appearing only for the purpose of objecting to the jurisdiction of this Court in the premises, and not appearing gen-

erally) come and say that they were and are a foreign corporation, created by and existing under, the laws of the province of Ontario, in the Dominion of Canada, (formerly the province of Upper Canada), and under the laws of Great Britian, and not under the laws of the State of Michigan. And these defendants further say that no original writ of summons has been served on them in this suit in this State, nor has any declaration, or other process, or legal notice of this suit, been served on them in this State.

" And they further say that they have no officer, nor agent, nor attorney, nor counsel in the State of Michigan authorized to receive service of legal process, or to appear for them in legal proceedings in the said Circuit Court for the County of Wayne, nor in any other court of said State, without their special direction and authorization. And these defendants further say that neither their presiding officer, nor their cashier, nor secretary, nor treasurer, nor any other of their officers, reside in the State of Michigan, nor have any of the said officers any office or place of business there.

" And these defendants further say that they have not authorized any agent, officer, attorney, or counsellor to appear for them in this suit, except for the special purpose of objecting to the jurisdiction of this Court.

" And these defendants further say that the said Joseph Price, on whom the declaration in this case was served, as appears by the return of the sheriff in this case, was not at the time of such service within the State of Michigan on official business, for these defendants, nor in an official character as the officer of these defendants, nor otherwise than casually and accidentally, and not as representing these defendants.

" And they further say that he was not then and there authorized to represent them as an officer, or otherwise, nor to receive service of legal process.

" And these defendants further say that the plaintiff in

this action was, at the time of the commencement of this action, and for a long time theretofore had been a citizen of another State than Michigan, and that he never was a citizen or resident of Michigan."

It is contended for the plaintiff in error, that public policy and natural justice require us to hold, that as the defendants do business and make contracts in this State, they should be amenable to process from our courts and subject to our jurisdiction when prosecuted for a violation of such of their contracts as are made here; but the counsel for defendants insist that the company are simply permitted by comity to transact business here, and that no necessity or substantial reason is found in the circumstance that they are so permitted, for requiring our courts to assert a jurisdiction against them, when as in this case the plaintiff is neither a citizen or resident, or has ever been, and the injury complained of was actually done abroad.

We think, however, that the disposition of this case does not depend upon any question of comity, and we therefore decline to enter into that subject; and proceed to notice the point upon which our determination will rest.

The plaintiff's counsel, in order to support the process and maintain the jurisdiction in this case, contended that the service was authorized by § 4,835 Comp. Laws, which reads as follows:—" Suits against corporations may be commenced by original writ of summons, or by declaration, in the same manner that personal actions may be commenced against individuals, and such writ, or a copy of such declaration, in any suit against a corporation may be served on the presiding officer, the cashier, the secretary, or the treasurer thereof; or if there be no such officer, or none can be found, such service may made on such other officer or member of such corporation, or in such other manner, as the Court in which the suit is brought may direct."

The counsel for the company, on the contrary, urged that this statute was inapplicable to foreign corporations;

but if considered to apply to them, that then the service made in this instance was not a compliance with the statute when properly construed.

As we do not think it necessary to decide whether this law is altogether inapplicable to foreign corporations under all circumstances, we shall not discuss that question; but shall assume, for the present purpose, that the provision cited may be resorted to in some cases against foreign corporations, and proceed to determine whether it covers and supports this case.

The facts contained in the plea, and admitted by the demurrer, exclude all implication and argument that the company or any of its officers had any office or place ·of business in the State, or that any of the officers resided here, and likewise exclude all inference that Joseph Price when served with the declaration, was in the State in his capacity of treasurer. The corporate entity could by no possibility enter the State, and it could do nothing more in that direction, than to cause itself to be represented here by its officers or agents. Such representation, would, however, necessarily imply something more than the mere presence here of a person possessing, when in Canada, the relation to the company of officer or agent. To involve the representation of the company here, the supposed representative would have to hold or enjoy in this State, an actual present official or representative status. He would be required to be here as an agent or officer of the corporation, and not as an isolated individual. If he should drop the official or representative character at the frontier, if he should bring that character no further than the territorial boundary of the government to whose laws the corporate body itself, and consequently the official positions of its officers also, would be constantly indebted for existence, it could not with propriety be maintained that he continued to possess such character by force of our statute.

Admitting, therefore, for the purpose of this suit, that in

given cases the foreign corporation would be bound by service on its Treasurer in Michigan, this could only be so when the *Treasurer*, the then *official*, *the officer then in a manner impersonating the company should be served.* Joseph Price was not here as thé treasurer of the defendants. He did not then represent them. His act in coming was not the act of the company, nor was his remaining the business or act of any besides himself. He had no principal and he was not an agent. He had no official status or representative character in this State.

In early times a corporation could only be compelled to answer in an action at law by a distringas against the goods and chattels, and could only appear by attorney appointed under its common seal; and if it had neither land nor goods, it was impossible to bring the corporate body into a Court of law or equity. The great increase of these artificial beings and the extent and variety of their operations, however, demonstrated the neccessity for some more direct and efficient method of procedure against them, and the law makers of more recent times have accordingly devised various expedients to supply the demonstrated want. The provision quoted from our statute is one of them. But the Legislature, in prescribing the simple and expeditious as well as direct proceeding there authorized, could never have intended that the mere casual or accidental presence within the State, of a person holding a corporate office in a body owing its existence exclusively to the laws of a foreign government, and maintaining all its organisms and corporate machinery in the territory of such government, should be liable to service of judicial process here, at the instance of a citizen and resident of another State or country, and upon a cause of action arising abroad, in order to subject the corporation to the jurisdiction of our Courts, its property and rights to the dominion of our laws, and to make our tribunals, main-

19 Mich.—R².

tained by the people of Michigan, the arbiters of differences in which our citizens have no interest.

To conclude otherwise, would sanction a construction of the statute which would make the remedy marked out by it lead to greater evils than advantages, and turn a well meant provision into an instrument of mischief.

Entertaining this view, I think the service on Mr. Price was not, within the meaning of the statute, a service on the treasurer of the defendants, and that the judgment of the Court below was correct and should be affirmed with costs.

The other Justices concurred.