# The Benwood Ironworks, a corporation, *versus* Hutchinson & Bro.

1. In an action against a corporation, the sheriff returned the summons, " served by delivering a true and attested copy of the within writ to A., secretary of [the corporation, defendant,] and by making known to him the contents thereof." The plaintiff filed with his affidavit of claim an agreement in writing between plaintiff and defendant, wherein the defendant corporation was styled " of Wheeling, W. Va." The secretary of the corporation, upon affidavit that the defendant was a foreign corporation not engaged in business and having no office in Pennsylvania, obtained a rule to show cause why the service should not be set aside and the writ quashed: *Held*, that the sheriff's return showed a valid service on the corporation, under the provisions of the Act of March 21st 1849 (P. L. 216), and was conclusive between the parties; and that the court, therefore, properly discharged the said rule.

2. The circumstances which render a foreign corporation suable in this state need not be set forth in the præcipe or summons.

3. Patton *v.* Insurance Co., 1 Phila. Rep. 396, approved.

October 18th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ.    PAXSON, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county:* Of October Term 1882, No. 7.

Assumpsit.  The parties to this suit were named in the præcipe and summons as follows:  " A. A. Hutchinson, and Thomas B. Hutchinson, partners as A. A. Hutchinson & Bro.," plaintiffs, against " The Benwood Iron Works, a corporation," defendant.  The summons issued January 12th 1881, returnable the first Monday of February 1881, was returned by the sheriff *n. e. i.*   On July 27th 1881, an alias summons was issued, under the same title, to which on the same day the sheriff made the following return:

" Served, July 27th 1881, by delivering a true and attested copy of the within writ to Alonzo Loring, Secretary of the Benwood Iron Works, and by making known to him the contents thereof."

On July 28th 1881, the plaintiffs filed an affidavit of claim for money due for coke sold to defendant under a certain contract, a copy of which was annexed to the affidavit as part thereof.  The first clause of said agreement was as follows:

" Articles of Agreement, made this day of August 1879, by and between A. A. Hutchinson and Thomas P. Hutchinson (doing business under the firm name of A. A. Hutchinson & Bro.) of the city of Pittsburgh, parties of the first part, and the

Benwood Iron Works, *of Wheeling*, *W. Va.*, party of the second part. Witnesseth," &c.

This agreement was signed:

A. A. HUTCHINSON & BRO.
Benwood Iron Works,
ALONZO LORING, *Sec'y.*

No appearance was entered of record for the defendant, but on August 3d 1881, the said Alonzo Loring, as secretary and agent of the defendant company, filed an affidavit, setting forth that the defendant company is a corporation organized and doing business under the laws of the state of West Virginia, in the city of Wheeling; that it has not been engaged in business in the state of Pennsylvania and has never had an office or agent there.

On this affidavit and upon agreement filed a rule was granted "to show cause why the service of the alias summons should not be set aside, and writ quashed." The docket contained the following entries:

"September 27th 1881. On argument list and rule discharged.

October 17th 1881. Judgment against defendant in default sec. reg., for nine hundred and forty six dollars and thirty-three cents ($946.33)."

In the history of the case, in the paper book of plaintiff in error, it was stated that the Benwood Iron Works "standing on the want of jurisdiction in the court, as shown by its record, did not enter an appearance, and judgment by default was entered against it for want of an appearance and affidavit of defence."

The defendant thereupon took this writ of error, assigning for error the action of the court in discharging the rule to set aside service of the writ, and in entering judgment by default against the defendant. The third assignment of error was as follows: "3. The plaintiff in error (defendant below), being a corporation of the state of West Virginia, the court below had no jurisdiction over it, merely by reason of the fact that its secretary was found in Allegheny county, and the court below therefore erred in entering judgment by default for want of appearance and affidavit of defence against plaintiff in error."

*D. T. Watson*, for the plaintiff in error.—By the præcipe and writ it appeared of record that the defendant was a corporation. By the copy of contract filed with the affidavit of claim, it further appeared of record that the defendant was a corporation of the state of West Virginia. It does not appear of record that such foreign corporation ever engaged in business in Pennsylvania or had an office or agent in this state, but on the contrary this is negatived in the affidavit of the secretary of the company;

[Benwood Iron Works v. Hutchinson.]

on which the rule to set aside service of the writ was granted. On the face of the record, therefore, it appears that there was no legal service on the corporation, for it is well settled that service of process upon any officer of a corporation, while merely casually present in the jurisdiction of another state does not constitute personal service on the corporation itself. Any citizen of the United States may freely traverse the territory of any state in the union, and his official functions as. an officer of a corporation in his own state do not accompany him, so as to constitute a service of process upon him a service upon the corporation: Bank of Virginia v. Adams, 1 Pars. Eq. Cases 534; Nash v. Rector, 1 Miles 79; Dawson v. Campbell, 2 Miles 170; Crandall v. Nevada, 6 Wallace 35; Morawetz on Private Corporations, sec. 522; Newell v. Great Western Railway Co., 19 Mich. 336; Latimer v. Union Pacific R. R. Co., 43 Mo: 105; Camden Rolling Mill Co. v. Swede Iron Co., 32 N. J. L. 15; Howell v. Chicago & N. W. Ry. Co., 51 Barbour 378; Peckham v. Inhab. of North Parish, 16 Pick. 286; McQueen v. Middleton Manf'g. Co., 16 Johnson 5; see also Bushel v. Commonwealth Ins. Co., 15 Serg. & R. 185. Such a service is not authorized by the Act of March 21st 1849 (Purd. Dig. 287), which provides that in a suit against a foreign corporation process may be served upon any officer of such corporation "either personally or by copy or by leaving a certified copy at the office, depot, or usual place of business of said corporation." The words "or by leaving a certified copy at the office, depot or usual place of business of said corporation" are the key to the interpretation of this Act. Evidently it means only to provide for the mode of service on a foreign corporation which has, in Pennsylvania, an office, depot or place of business, else, why provide, in the alternative, for the service on the agent or at his usual place of business. All statutes are construed in reference to the territorial limits of the power passing the Act, and when a statute would provide for the service on a foreign corporation it must receive the construction in accordance with the common law jurisdiction of the legislative and judicial branch of the government: Farnum v. Blackstone Canal Co., 1 Sumner Reports 26; Lehigh Valley Ins. Co. v. Fuller, 31 P. F. S. 398; Brobst v. Bank, 5 W. & S. 379; Combs v. Bank of Kentucky, Brightly's Reports 63; Liblong v. Kansas Fire Ins. Co., 1 Norris 415.

*Isaac S. Van Voorhis*, for the defendant in error.—The sheriff's return is regular on its face and is conclusive between the parties. The affidavit of Loring is no part of the record, and there is nothing upon the record to show that the defendant was a foreign corporation. The defendant declined to

[Benwood Iron Works *v.* Hutchinson.]

appear, and establish its allegation by depositions taken in the usual manner. But even if it appeared of record that the defendant was a foreign corporation, the service upon its secretary within this jurisdiction is a legal service on the corporation under the Act of March 21st 1849 (P. L. 216), which expressly provides that in a suit "against any foreign corporation or body corporate not holding its charter under the laws of this Commonwealth . . . process may be served upon any officer, agent, or engineer of such corporation either personally or by copy." The Act further provides, in the alternative, "or by leaving a certified copy thereof at the office, depot, or usual place of business of said corporation." The construction contended for by plaintiff in error, would require the word " or " to be read " and ;" and while in certain statutes this may be done to make good sense, it would in this case require not only a personal service, but the leaving a copy at the office. Such a construction would be absurd. The act says "any foreign corporation," not "foreign corporations having an office in this state :" Kennard *v.* N. J. R. R. Co. & Trans. Co., 1 Phila. 41 ; Barr *v.* Wilson, 28 Pitts. Leg. Jour. 336 ; Patton *v.* Ins. Co., 1 Phila. 396 ; Nat. Bank of Republic *v.* N. Y. R. R. Co., 8 W. N. C. 252 ; Kalbach *v.* R. R. Co., 11 W. N. C. 174.

Mr. Justice TRUNKEY delivered the opinion of the court, October 25th 1882.

A foreign corporation, under certain circumstances, may be sued in the courts of this state. The circumstances which subject it to such suit need not be set forth in the præcipe or summons. No cause appeared for quashing the writ.

Where the return on its face does not show a legal service of the writ, the service may be set aside. As the return must be considered as conclusive between the parties to the action, it is error to set aside the service upon extraneous evidence. Affidavits and depositions are no part of the record : Kennard *v.* Railroad Co., 1 Phil. 41 ; Kleckner *v.* Lehigh County, 6 Whar. 66 ; Insurance Co. *v.* Fuller, 81 Pa. St. 398 ; Liblong *v.* Insurance Co., 82 Id. 413.

The Act of March 21st 1849 P. L. 216, provides that in any suit or action against any " foreign corporation, process may be served upon any officer, agent or engineer of such corporation, either personally or by copy, or by leaving a certified copy thereof at the office, depot, or usual place of business of said corporation ; and such service shall be good and valid in law to all intents and purposes." In this case the sheriff's return is, " Served July 27th 1881, by delivering a true and attested copy of the within writ to Alonzo Loring, secretary of the Benwood Iron Works, and by making known to him the contents thereof." Such

[Twigg *v.* Sheehan.]

return was held sufficient and the service valid, soon after the statute of 1849 was enacted, by the present Chief Justice, in Patton *v.* Insurance Co., 1 Phil. 396 ; and that ruling has been accepted ever since. Our courts have not held that a return showing a service in conformity with the statutory direction will be set aside on motion. The Act declares that service upon any officer or agent of the foreign corporation shall be valid. Were such service good at common law, there was no necessity for the statute. Decisions respecting the legality of service under other statutes, as well as this, settle that the return shall show a service according to law ; and if it does, it shall stand.

The question here is not whether the courts of Pennsylvania can acquire jurisdiction of the person of a corporation of another state by the mere presence in this state of an officer of that corporation. Should service be made upon an officer of a foreign corporation, when he was casually present, and said corporation was not suable in the courts of this state upon the contract or matter on which the action is founded, then a plea to the jurisdiction is the proper remedy : Camden Rolling Mill Co. *v.* Swede Iron Co., 32 N. J. L 15 ; Newell *v.* Great Western Railroad Co., 19 Mich. 336.

Judgment affirmed.