# Holly v. Travis, Appellant.

*Practice, C. P.—Certiorari—Justice of the peace — Constable's return.*

The return of a constable, although regular on its face, showing legal service within the county, on certiorari from the common pleas, may be shown, by depositions, to have been made outside the county and, therefore, to be irregular and invalid.

*Constable's return—Act of July 9, 1901, P. L. 614.*

The Act of July 9, 1901, P. L. 614, does not alter the effect of the return of a constable. It merely provides that when he has legally served process it shall have the effect of service of a similar writ by the sheriff. It cannot be construed to extend the effect of a return and preclude the defendant, who has not been served, from showing the fact, simply because the constable falsely makes a return that he made such service.

Argued March 4, 1919. Appeal, No. 24, March T., 1919, by defendant, from order of C. P. Lackawanna Co., June

T., 1918, No. 181, confirming judgment of justice of the
peace in case of Mrs. S. M. Holly, otherwise known as
Lottie Holly, v. Wallie Travis.   Before ORLADY, P. J.,
PORTER, TREXLER, WILLIAMS and KELLER, JJ.   Reversed.

Certiorari to justice of the peace.

NEWCOMB, J., in affirming the judgment of the justice
of the peace, filed the following opinion:

The case is a proceeding by a landlord to dispossess her
tenant upon the expiration of his term.   She recovered
judgment against the defendant in default of appearance
on his part.   The validity of the judgment is attacked
for two reasons: (1) because of an adjournment with-
out notice; and (2) for false return of service.

The writ was returnable in this city between the hours
of nine and ten o'clock a. m.   At the expiration of the
hour and in defendant's absence, the hearing was post-
poned for thirty minutes at plaintiff's request to accom-
modate her counsel who had an engagement in the or-
phans' court at that hour.

It is objected that this was improperly allowed with-
out notice to defendant.

How the objection will lie in favor of one who had
wholly ignored the summons, is not apparent; especially
as it appears of record that his place of residence was
upwards of fifteen miles distant.   The objection is be-
lieved to be without merit and to call for no discussion.

For the rest, the attempt is to impeach the constable's
return of service by proof aliunde that the writ was
served outside the county.

That raises the disputed question as to the competency
of such proof.

At least there is a semblance of conflict on the subject
as between the decisions of the common pleas courts.
Assuming the existence of real conflict, it could be said
that the great weight of authority is against the propo-
sition that a constable's return, regular on its face, can
be contradicted in that way,—as examples of which the

following may be referred to: Link & Co. v. Repple, 7 C. C. R. 138; Fidelity, etc., Co. v. Ketrick, 3 Kulp 225; R. R. Co. v. Brittain, 1 Pitts. 271; Cox v. McGill, 15 Pa. D. R. 571; Keech v. Price, 16 Ib. 766; Kelly v. Eckenstein, 12 Luz. 452; Young v. Trunkley, 22 C. C. R. 127.

Our own court has never varied from that position: Foy v. Rice, 3 Lacka. Jur. 17 (1893); Hummell v. Hoffecker, 5 Lacka. N. 162 (1898); Cooper v. Manning, 8 Lacka. Jur. 370 (1907).

In the last cited case attention was called to the fact that any possible ground for distinction, as between the conclusiveness of a sheriff's return and that of a constable, had been swept away by the Service of Process Act hereinafter cited.

In case of a sheriff's return, not only regular but complete on its face, no one would have the temerity to contend that it is not conclusive, upon the parties to that proceeding, of every fact averred: Park Bros. Co. v. Boiler Works, 204 Pa. 453; Coal Co. v. Water Co., 25 Pa. Superior Ct. 628; Telephone Co. v. Diggs, 69 Ib. 299.

It is a lack of a full and explicit return in certain instances that accounts for the supposed lack of harmony between the decisions, which thus turns out to be more apparent than real, as convincingly shown by Judge BUTLER of Chester County in a painstaking review of the cases in Keech v. Price, supra.

Turning then to the function of the constable as defined by law, it is this: "Writs issued by a magistrate, justice of the peace, or alderman, shall be served in the county wherein they are issued, by the constable or other officer to whom given for service, in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court," etc., Act 9th July, 1901, P. L. 614, Sec. 16. By the following section of the statute all and singular any acts of assembly or parts thereof in relation to the service of such writs inconsistent therewith, were expressly repealed, thus making its provision for service the exclusive

source of the officer's authority in the premises. It is only necessary to refer to the return here to see that the requirements of the act were literally complied with. It is as follows: "Commonwealth of Pennsylvania, County of Lycoming s. s. April 29, 1918, summons together with certified copy of information served on the within named defendant, Wallie Travis, by handing to him personally true and attested copies thereof in the Township of Benton, County of Lackawanna and State of Pennsylvania, and by informing him the said defendant of the contents therein. So answers," etc.

The return was signed and sworn to before the alderman, as appears by further endorsement on the writ, in due form.

That it is full, explicit and complete on its face is neither questioned nor open to question. It is merely challenged as false in point of fact; and the attempt is to sustain the challenged by extraneous proof that the place where service was so made is beyond the county line and within the border of the adjoining county.

This is nothing more or less than an attempt to contradict a valid return in a material particular; and that cannot be done, if, as the statute plainly says, the return is to be of the like effect as that of the sheriff in like case.

Supplementary proof to invalidate a meagre return is one thing; contradiction of a complete return, is another and very different thing; and for that purpose the extrinsic proof offered here cannot be entertained.

The exceptions are dismissed and the proceedings affirmed.

*Errors assigned* were in the following form:

1. The alderman was without jurisdiction to hear and determine this case.

2. There was no legal service of process by the constable.

3. The defendant was without day in the alderman's court,

527, (1919).] Assignment of Errors—Opinion of the Court.

4. The court below erred in holding that a sworn return appearing in an alderman's record, cannot be contradicted or impeached by oral evidence.

5. The court below erred in holding that a record of an alderman cannot be contradicted or impeached on jurisdictional questions by oral evidence.

6. The court below erred in affirming the judgment of the alderman in this proceeding.

*R. H. Holgate,* for appellant, cited: Lacock v. White, 19 Pa. 495; O. & P. R. R. Co. v. Brittain, 1 Pitts 271; Commonwealth v. Blankenmyer, 19 Lanc. L. R. 87; Wistar v. Ollis, 77 Pa. 291; Act of July 9, 1901, P. L. 614.

*Clarence Balentine,* for appellee, cited: Diller v. Roberts, 13 S. & R. 64; Keech v. Price, 16 D. R. 766; Park Brothers & Co., Limited, v. Oil City Boiler Works, 204 Pa. 453.

OPINION BY KELLER, J., April 21, 1919:

The sole question raised by this appeal is, whether the return of a constable, showing legal service on the defendant within the county, may, on certiorari from the court of common pleas, be shown by depositions to have been made without the county, and, therefore, invalid, the defendant not having appeared at the hearing. The learned judge of the court below was of opinion that the constable's return of service could not be impeached by proof aliunde, and accordingly dismissed the exceptions filed to the proceedings of the justice.

An examination of the decisions in this State shows a conflict of authority in the courts of common pleas and no case in the Supreme Court or this court squarely ruling the question as to the material point involved; but in Lacock v. White, 19 Pa. 495, Chief Justice BLACK said: "But a judgment may be given against a party without service of a summons, and without notice of any kind until the time of appeal is past. Certainly

this is a great injury, and if there be no remedy but to open the judgment, it would be hard to deny that. There is a remedy, however. Such a judgment would be reversed on certiorari. The twenty days' limitation does not apply to cases in which the justice has no jurisdiction, either of the parties or the subject-matter, and he has no jurisdiction of the former when they are not legally summoned. The fact that notice was not given may be proved by parol, notwithstanding some dicta to the contrary." It is true that the actual point involved in that case was whether the court of common pleas had power to open a judgment entered on a transcript of a judgment by a justice of the peace, filed in court as a lien; but, in holding that it had not, the Chief Justice naturally pointed out the remedy which was open to the defendant, who had alleged in his petition to open the judgment that he lived outside the State when suit was brought and had not been served with process. The part of the opinion quoted above is, therefore, not only the expression of a great lawyer and great judge as to the settled practice of his day, but also was germane and pertinent to the decision, and not a mere obiter dictum.

In Road Commissioners v. Fickinger, 51 Pa. 48, depositions were received in the court of common pleas on certiorari to show that the complainant before the justice had not been aggrieved by the action of the road commissioners, and, therefore, that his complaint was a fraud upon those interested in resisting what the commissioners had done. The Supreme Court, in reversing, said, by Mr. Justice STRONG: "Parol evidence, to show what took place before the magistrate, is ordinarily not admissible. By such evidence, the magistrate's proceeding cannot be impeached. Very limited exceptions to the rule have been admitted. They do not extend further than to allow parol evidence to establish want of jurisdiction in the justice, his corruption, or refusal to hear testimony, or the fact of his having given

judgment on the oath of the party alone. All the exceptions allowed relate to the conduct of the magistrate. None extend so far as to admit evidence of the conduct of a party." It will be noted that the learned justice was speaking of the admissibility of parol evidence as to "what took place before the magistrate," not as to matters that had occurred before the hearing, and held in effect that the merits of the magistrate's decision could not be inquired into on certiorari, nor the fraud of a party be set up as ground for reversal in the common pleas; but the opinion recognizes the well-settled rule that evidence of the fraud, partiality or corruption of the justice of the peace can be shown by depositions in the common pleas on certiorari, and that want of jurisdiction in the justice can be similarly attacked and proven, and, as pointed out in Lacock v. White, supra, the justice has no jurisdiction if the defendant has not been legally summoned.

In Wistar v. Ollis, 77 Pa. 291, objection was taken in the common pleas that three of the jurors, who had been summoned by the sheriff in dispossession proceedings under the Act of March 21, 1772, had been irregularly summoned. The defendants had, nevertheless, appeared and offered testimony and a full trial been had on the merits. The Supreme Court (MERCUR, J.) held that this could not be done, but said: "To establish fraud or want of jurisdiction, the court might have heard facts by affidavits," adding, however: "But not to show an irregularity which contradicted the records." The authorities cited by the court, however, show that, by this statement, reference was had to the proceedings following service of process, and especially to the hearing before the justice, for in Cunningham v. Gardner, 4 W. & S. 120, cited by Mr. Justice MERCUR, the Supreme Court said: "It would be out of all analogy to all other legal proceedings to go back, after the full trial, according to the law applicable to the case, to the preliminary steps in the cause. If defendant had no

notice, if the proceeding was ex parte, this might be
the case." And in Buchanan v. Baxter, 67 Pa. 348:
"The certiorari does not bring up the evidence given be-
fore the justice; it is, therefore, only the regularity of
the proceedings that the common pleas were to ex-
amine. It is true that that court might, if it chose, go
farther and hear facts by affidavits, but it would be an
unsafe practice, as a rule." Wistar v. Ollis distinctly
recognizes the right to prove want of jurisdiction or
fraud or corruption on the part of the justice by depo-
sitions.

That a constable's return, regular on its face, may be
shown to be false by depositions in the Common Pleas
on certiorari is sustained by a number of decisions in
the courts of common pleas of this State. A full and
comprehensive review of the authorities is contained in
the opinion of Judge LANDIS in Commonwealth v.
Blankenmeyer, 19 Lanc. L. R. 87. In that case, the con-
stable's sworn return set forth that he had made legal
service of the summons on the defendant. It was shown
by depositions that this was false, that the constable had
not served the writ at all, but that he gave it to a de-
tective who made the service, and upon the faith of what
the detective did, the constable made his return. The
Commonwealth's counsel raised the point that this evi-
dence could not be considered; that, even if the service
was irregular, it could not be inquired into by the de-
fendant, the return being conclusive as to him, and his
remedy being by suit against the constable for a false
return. After noting the principal lower court opinions
in support of this rule, Judge LANDIS goes on to say:
"While it will be conceded that we cannot inquire, on
certiorari, into the merits of the case as presented be-
fore the magistrate, we are of opinion that we have
full power to see that the proceedings there under-
taken are, in all respects, regular; and when it is shown
to us, either by parol or otherwise, that there has been
no legal service of the very writ under which the suit is

begun, we do not doubt our authority to set the proceedings aside. We think, therefore, that the rule as laid down, that the constable's return can in no case be contradicted by parol, is too broadly stated." The same learned judge adopted the same conclusion in: Nissley v. Hoffman Bros., 20 Lanc. L. R. 49, where the constable made return that the summons had been duly served on all the defendants, whereas it was shown by depositions that it was served only on M. R. Hoffman, who was not a member of the defendant firm; Bertzfield v. Bertzfield, 21 Lanc. L. R. 370, where return was made that the summons had been served on an adult member of the defendant's family, whereas in fact it was served on an eleven-year-old daughter; and Brown v. Cohn, 21 Lanc. L. R. 310, where service was made on H. J. Cohn and return made that the defendant, M. L. Cohn, had been duly served.

Similar rulings were made in Minogue v. Ashland Boro., 30 Pa. C. C. 205, Bechtel, P. J.; Diehl v. Stetler, 6 Lanc. L. R. 324, Albright, P. J.; Neff v. Gallagher, 16 Pa. C. C. 219, Gordon, P. J.; Shell v. McConnell, 1 Pears. 27, Pearson, P. J.; Sauser v. Werntz, 5 Lanc. Bar No. 18, p. 2, Walker, J.; Bosler v. Hoffman, 2 Justices Law Reporter 116, Erdman, P. J.

We have given due consideration to the opinions of the various judges of the courts of common pleas which are in accord with the view of the learned judge of the court below. Most of them definitely recognize that, under the decisions of the Supreme Court, parol evidence may be received on certiorari to show want of jurisdiction in the magistrate, or to show fraud, partiality, corruption or misconduct on his part, but hold that, if the return of the constable is full and explicit, it is conclusive and cannot be controverted, by analogy to the rule that a sheriff's return is conclusive and cannot be contradicted by evidence of its falsity: Keech v. Price, 16 Dist. R. 766, Butler, J.; Cooper v. Manning, 8 Lack. Jur. 370, Newcomb, J.; Bankert v. Sauft, 6

York 157, BITTENGER, J.; Young v. Trunkley, 22 Pa.
C. C. 127, SCHUYLER, P. J.; Foy v. Rice, 3 Lack. Jur. 17,
ARCHBALD, P. J.; Hummell v. Hoffecker, 5 Lack. L. N.
162, ARCHBALD, P. J.; Biles v. Basler, 24 Pa. C. C. 3,
DUNHAM, P. J.; Link v. Repple, 7 Pa. C. C. 138, MITCH-
ELL, P. J.; Luke v. Schleger, 3 Kulp 505, WOODWARD, J.

That a sheriff's return is conclusive and cannot be
contradicted in the action by evidence to the contrary is
well settled: Ben Franklin Coal Co. v. Pennsylvania
Water Co., 25 Pa. Superior Ct., 628; Keystone Tele-
phone Co. v. Diggs, 69 Pa. Superior Ct. 299; Blythe v.
Richards, 10 S. & R. 261; Diller v. Roberts, 13 S. & R.
60; although in the recent case of Park Bros. & Co. v.
Oil City Boiler Works, 204 Pa. 453, Mr. Justice MITCH-
ELL said that "modern practice is liberal in allowing
inquiry into the actual facts where the return itself is
not full or explicit."

As the alleged conclusiveness of a constable's return
is thus based upon the rule relative to the conclusive-
ness of a sheriff's return, we may with profit examine
the early decisions which announce the doctrine that a
sheriff's return cannot be attacked in the action by
evidence aliunde and see the reason and ground ad-
vanced for the rule and whether it applies with like
force to the return of a constable.

In the case of Warder v. Tainter, 4 Watts 270, Mr.
Justice KENNEDY makes a most thorough review of the
authorities and concludes: "Because the sheriff's re-
turn being part of the record, Mildmay v. Smith, 2
Saund. 334 [344], note 2, no error could be assigned
which would contradict it. And accordingly, it was ad-
judged in Corbet v. Marsh, Moo. 349, that the tenant
against whom a recovery had been had in dower, could
not assign for error that he was not summoned for fif-
teen days, nor proclaimed at the church door, according
to the statute of 31 Eliz., because the sheriff had re-
turned him summoned and proclaimed; and that his
remedy was against the sheriff. So in Plommer v.

Webb, Note, 2 Lord Raym. 1415, in debt on bond in the common pleas, where non est factum was pleaded, and verdict and judgment given for the plaintiff, it was held in the kings bench, on writ of error, that the death of Webb, before the day of nisi prius, could not be assigned for error, because the record mentioned that he appeared that day. And in Jenk. 99, ca. 92, it was held, that a judgment given for husband and wife upon a verdict found in their favor, at nisi prius, after the death of the wife, could not be reversed for such cause upon writ of error, although upon an issue joined for having the fact ascertained, it was found by the jury that the wife died before the nisi prius; because the postea of the nisi prius recited that the husband and wife appeared at the nisi prius. And again, in Helbert [Helbut] v. Held, 2 Lord Raym. 1414, it was decided that nothing can be assigned for error which is contrary to the record; and this is fully supported both by prior and subsequent cases on the subject." See, also, Bacon's Abridgment, Bouvier's Ed., Vol. III, p. 371, etc.

It, therefore, appears that the conclusiveness of the sheriff's return and its immunity from contradiction in the action is due to the fact that it is part of the records of the court, which, as Sir William Blackstone said, "are of such high and supereminent authority that their truth is not to be called in question. For it is a settled rule and maxim that nothing shall be averred against a record, nor shall any plea or even proof be admitted to the contrary": 3 Bl. Comm. 24, citing Coke on Littleton, 260. But a justice's court is not a court of record, and the return of a constable to said court is not, technically speaking, a record at all, at least not such a record as imports verity, as is the case with the record or court roll of a court of record, and it is, therefore, not entitled to the immunity from attack of a sheriff's return.

No good reason exists, in our opinion, for making a distinction between the justice's want of jurisdiction

of the subject matter and his want of jurisdiction of the parties, and holding that parol evidence is admissible to prove the one and not admissible to prove the other. The fact that the party aggrieved by an erroneous return has a right of action against the constable and his bond is not conclusive; such action is hedged about with conditions and limitations which detract from its adequacy as a remedy. And besides, a party who has been injured by the fraud or misconduct of a justice has likewise an action against him, but he is not precluded thereby from assigning it for error on certiorari.

We are of the opinion that the return of a constable does not possess the conclusiveness of a sheriff's return, and that, although regular on its face, it may, on certiorari from the common pleas, be shown by depositions to have been irregular and invalid. The attack in such case is not collateral, but direct: Diehl v. Stetler, 6 Lanc. L. R. 324, and is in line with the settled law of this State, permitting want of jurisdiction in the justice, and fraud, corruption or partiality on his part, to be shown in such manner.

Nor do we think that the Service of Process Act of July 9, 1901, P. L. 614, makes any change as to the law in this respect. Section 16 of that act provides: "Writs issued by any magistrate, justice of the peace or alderman, shall be served in the county wherein they are issued, by the constable or other officer therein to whom given for service, in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court." This contains nothing as to the effect of the return of a constable. It only provides that, when he has legally served process, it shall have the effect of service of a similar writ by the sheriff; it cannot be construed to extend the effect of a return and preclude a defendant who has not been served from showing the fact, simply because the constable falsely makes return that he was served. There

was no sufficient evidence either in the return of the justice or in the depositions that the defendant had appeared either in person or by attorney: Bertzfield v. Bertzfield, 21 Lanc. L. R. 370.

It would have been better practice, if in filing his assignments of error, the counsel for the appellant had, by analogy to rules 15 and 16 of this court, assigned for error the exception to the proceedings of the justice relied upon and the dismissal of such exception by the court below, ipsissimis verbis, but there is no rule of this court specifically requiring it in an appeal of this character, and the assignments fairly bring the question before the court.

The fourth, fifth and sixth assignments are sustained, and the judgment of the court below is reversed and the record remitted that such judgment may be entered, in accordance with this opinion, as the evidence before the court by way of depositions, as to the service of process on the defendant, warrants. The costs to be paid by the appellee.