## Altenberg v. Shreve Chair and Lumber Company.

*Justice of the peace—Constable's return—Contradiction of—Certiorari—Service of process.*

1. A constable's return of service, full and complete on its face, cannot be set aside or contradicted on *certiorari* proceedings.

2. Where a constable's return of service of process upon a corporation is regular on its face, the defendant, on *certiorari*, will not be permitted to show by depositions that it had no office in the county, and that the person upon whom the writ was served was not its agent.

*Certiorari.* C. P. Crawford Co., Sept. T., 1921, No. 86.

*George I. Eldred* and *A. L. Thomas,* for plaintiff.

*Thomas & Thomas,* for defendant.

PRATHER, P. J., Nov. 7, 1921.—Plaintiff having secured judgment against defendant in an action of trespass, the defendant caused a writ of *certiorari* to issue to bring up the record in said proceeding.

The exception filed to said record is: "The justice did not have jurisdiction to determine said case, for the reason that there was no proper service of the defendant, which was intended to be The Shreve Chair Company, as the said C. G. Proper, who was alleged to have been served, was not the agent of said

1 D. & C.

defendant, or of the said The Shreve Chair Company, at its place of business in Crawford County, nor was he said agent for any purpose or at any place of said party or parties, nor did the said defendant or the Shreve Chair Company have a place of business in Crawford County at said time nor at any other time, nor did any of the officers of said company reside in Crawford County at said time or any other time."

The Act of July 9, 1901, P. L. 614, relates to and prescribes the form of service of process in certain actions at law. Paragraph (e) of the 2nd section, relating to the service upon corporations, limited partnerships or joint stock companies, provides that the writ of summons may be served by the sheriff "by handing a true and attested copy thereof, at any of its offices, depots or places of business, to its agent or person for the time being in charge thereof, if, upon inquiry thereat, the residence of one of said officers within the county is not ascertained."

Section 16 of the same act provides that the service of writs by a constable shall be "in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court"

The return of service in the case before us is as follows: "Return of constable M. B. Ashley, who, being duly sworn, says that he served the within summons on the defendant, Shreve Chair & Lumber Company, June 8, 1921, by handing a true and attested copy thereof, at its place of business in Crawford County, Pa., to C. G. Proper, agent in charge thereof for the defendant corporation, and that upon inquiry thereat the residence of one of the officers of said defendant corporation is not ascertained in Crawford County, Pa."

It will be observed that the return of service is sufficient in form and in substantial compliance with the requirements of the statute as set forth in section (e), above recited.

Upon the part of exceptant depositions were taken in support of the facts stated in the exception noted, to the effect that the defendant company did not, at the time of the said action before the justice, have such office or place of business in Crawford County, and that the said C. G. Proper was not the agent in charge of any such place of business for said company in said county.

We are, therefore, to consider (a) the sufficiency of the constable's service as exhibited by the record, and (b) the relevancy of extraneous facts to affect its sufficiency and validity.

It is only "where the sheriff's return is defective or incomplete that it opens the door to extraneous evidence:" Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453, 458; Fulton v. Commercial T. M. Accident Ass'n, 172 Pa. 117; Hagerman v. Empire Slate Co., 97 Pa. 534; Miller Paper Co. v. Keystone Coal & Coke Co., 267 Pa. 180.

In the last case cited the return of service of the sheriff was in the following form: "Served Keystone Coal & Coke Company, the within named defendant company, by handing personally Jan. 14, 1918, a true and attested copy of the within writ at Juniper and Chestnut Streets, in the County of Philadelphia, the place of business of said defendant company, to M. T. Dean, the person for the time being in charge thereof, being unable to ascertain the residence of any of the officers of said defendant company within the county, upon inquiry at said place of business."

Considering this return, the Supreme Court said:

"Admittedly the return is full and complete, but the defendant corporation, whose principal place of business is in Westmoreland County, petitioned the court to set it aside on the ground that the corporation was not so engaged in business in Philadelphia County, or otherwise situated, as to be there sub-

ject to suit and service of process. Plaintiff filed a responsive answer and depositions were taken, upon consideration of which the court below made an order setting aside the service, and therefrom plaintiff brought this appeal.

"In the absence of fraud, which is not here alleged, a sheriff's return, full and complete on its face, is conclusive upon the parties and cannot be set aside on extrinsic evidence."

In Benwood Iron Works v. Hutchinson, 101 Pa. 359, the Supreme Court said: "Where the return on its face does not show a legal service of the writ, the service may be set aside. As the return must be considered as conclusive between the parties to the action, it is error to set aside the service upon extraneous evidence. Affidavits and depositions are no part of the record." See, also, Ben Franklin Coal Co. v. Pennsylvania Water Co., 25 Pa. Superior Ct. 628; Bennethum v. Bowers, 133 Pa. 332.

In the very recent case of Holly v. Travis, 71 Pa. Superior Ct. 527, the Superior Court, inter alia, said: "We are of opinion that the return of a constable does not possess the conclusiveness of a sheriff's return, and that, although regular on its face, it may, on certiorari from the Common Pleas, be shown by depositions to have been irregular and invalid."

Upon appeal to the Supreme Court, as reported in 267 Pa. 136, the judgment of the Superior Court was reversed, and, quoting the language of the Superior Court to the effect that the return of a constable did not possess the conclusive qualities of a sheriff's return, the Supreme Court said: "Nor can we concur in this statement of the law. As stated, it is contrary to the settled rules of practice, and mistakes the one purpose of the writ of certiorari to which it has always been confined. A writ of certiorari brings up for review nothing but the record, and the court to which it is returned has jurisdiction to correct only such irregularties, if any, as appear on the face of the record. In such actions the parties are confined strictly to questions affecting the regularity of the record."

In discussing the record therein presented and the principle involved, the Supreme Court further says: "Not a single irregularity appears in this returned record. An examination shows that it contains a full, clear and positive averment of every fact that was essential to give the justice jurisdiction of the case. There is no denial of this. The complaint is not of any irregularity in the record, but that it is untrue, in that it recites, among other things, that on April 29, 1918, the summons of dispossession issued by the justice and directed to the tenant was served on defendant, Wallie Travis, together with a certified copy of the affidavit of complaint, by handing him personally true and attested copies thereof in the Township of Senton, County of Lackawanna. It is enough to say that the untruth, if such it was, was not discovered or discoverable on the face of the record, but could be discovered and established only by testimony aliunde. This was attempted to be shown by affidavits with a view of challenging the jurisdiction of the magistrate. We have cited authorities showing that this is not to be done in the case of an appeal, because to do so would have been to contradict a solemn record which imported verity and was conclusive of the fact. With even less reason could the right to contradict the record be urged in a certiorari proceeding such as this was, where the court's consideration of the case was confined to an inspection of the record and its regularity. Where no irregularity is apparent on the record, nothing is left the court but to dismiss the certiorari."

In the concurring opinion of the same case Mr. Justice Simpson, joined by Mr. Justice Walling and Justice Kephart, said: "I concur in the judgment in this case for the additional reason that the matter is controlled by sec-

1 D. & C.

tion 16 of the Act of July 9, 1901, P. L. 614, which provides that 'writs issued by a magistrate, justice of the peace or alderman shall be served in the county wherein they are issued, by the constable or other officer to whom given for service, in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court.' . . . It is conceded that a service made by the sheriff in the 'manner' provided by this act is conclusive on the parties and cannot be contradicted where the return is full and explicit, and also that the return in the present case is full and explicit and would be unassailable if it had been made by a sheriff. The Superior Court's reason for not applying here the rule, which it admits would apply were this a sheriff's return (71 Pa. Superior Ct. 527), is because the act 'contains nothing as to the effect of the return of a constable.' Neither does it contain anything as to the effect of a return of a sheriff. In either case the 'effect of a return' is merely to record what the service was, and if its effect, when made by a sheriff under this very act (Park Bros. & Co., Lim., v. Oil City Boiler Works, 204 Pa. 453), is to render it immune from attack, as concededly it does, then a 'like effect' must be given to this admittedly full and explicit return by a constable."

The case last cited must be regarded as conclusive authority for the principle that a constable's return of service, full and complete on its face, such as the one under consideration, cannot be set aside or contradicted in a *certiorari* proceeding.

In Holly v. Travis it is also held that: "Mistake or fraud in making up a record can neither be averred nor proved by parol evidence in a collateral proceeding, nor in an action founded on it. The only mode of relief is through the court where the record is thus erroneous. . . . If wrong, the only mode of having it corrected is by application to the court where the proceeding or judgment was had, to have it reformed according to the truth, or vacated, as may be requisite."

As to conclusiveness of the return, the authorities are collected in 7 Vale's Pennsylvania Digest, 22,031.

If it is still urged that when a person served as agent of defendant is not in fact his agent, the rule announced as to the finality of the record ought not to prevail, we may call attention to certain other authorities not more conclusive of the rule, but decisive of its application, whether the person served as agent was so in fact or otherwise.

In Kleckner v. Lehigh County, 6 Wharton, 66, it was held that defendant could not in contradiction of the sheriff's return show that the persons served were not two of the county commissioners. Upon this question the Supreme Court said: "As the return must be considered absolute and conclusive between the parties to the action, the court erred in setting aside the service of the writ by the introduction of extraneous proof."

In Patton v. Insurance Co., 1 Phila. 396, the return of the sheriff showed a service upon Alfred Edwards, "an agent of the within named defendants."

A rule was taken to set aside the service of the writ upon the averment that Edwards was not agent of defendants, and evidence was taken to this effect by depositions. In discharging the rule, Judge Sharswood held that: "The parties are concluded by the facts stated in the sheriff's return." See Kennard v. Railroad Co., 1 Phila. 41; Benwood Iron Works v. Hutchinson, 101 Pa. 359.

In Keeley v. Shanley, 5 Montg. Co. Law Repr. 27, the court held: "If the return shows a legal service, we cannot inquire into the question of agency or defendants' business on a motion to set aside the service."

Altenberg v. Shreve Chair and Lumber Company.

If the return is false, defendant's action is against the officer: MacGeorge v. Harrison Chemical Manuf. Co., 141 Pa. 575.

In the light of the authorities cited, we must regard the record before us as an absolute verity and not susceptible to modification or contradiction by any extraneous facts supplied by depositions. When so considered, the service of the constable and his return satisfy the requirements of the law. We are, therefore, without power to hear depositions and to apply facts established thereby to alter, correct or contradict the return of service upon the defendant made by the constable when such return is full and complete and in compliance with the statutory requirements.

It follows that defendant's depositions must be disregarded, its exception overruled and the judgment of the justice affirmed.

Now, Nov. 7, 1921, the defendant's exception overruled, the writ of certiorari dismissed and the judgment of the justice affirmed.

From Otto Kohler, Meadville, Pa.