## Thompson v. Armour

*David Goodwin,* for plaintiff.
*John J. Regule,* for defendant.

McKay, J., June 4, 1959.—This matter is before the court upon certiorari to Ralph E. Kilgore, Justice of the Peace of Hickory Township, in an action of assumpsit. The certiorari was issued upon praecipe of plaintiff.

The record before us shows the following to be the facts. On February 4, 1958, plaintiff, James M. Thompson, caused a summons in assumpsit to issue against Isabel Armour, returnable February 10, 1958. On

February 10, 1958, a hearing was held, plaintiff appearing in person, and defendant with an attorney. The action was brought to recover the cost of premiums on two automobile insurance policies and one fire insurance policy "for a total claim of $437.64 and interest $132.25 and cost $13.00".

The pertinent portion of the transcript reads:

"Attorney Regule moves the case be removed for want of jurisdiction, as the total of debt and interest exceed the statutory limit of $500.00. Objections overruled, since debt was only $437.64. Attorney moves the case be removed, since the Plaintiff did not show any receipts, that the said amount was paid. Motion was granted, cost paid. The Plaintiff paid the cost."

Plaintiff contends that the court should now hold that the justice erred in overruling the objection as to jurisdiction. Plaintiff is interested in obtaining this result because he has subsequently entered an action in assumpsit in common pleas court to recover the cost of several insurance premiums ordered by defendant, including the three which were the subject of the suit before the justice of the peace.

On the other hand, defendant, without filing a petition to amend the record of the justice, asks in his brief that testimony be taken to show that plaintiff waived interest in the action before the justice and that the transcript be thereafter corrected accordingly.

In our opinion the position of plaintiff is the correct one. The transcript discloses that although the principal of plaintiff's claim was $437.64 and hence within the $500 jurisdictional limit of the justice of the peace (Act of July 7, 1879, P. L. 194, sec. 1, as amended, 42 PS §241), the claim for which suit was brought included interest in the amount of $132.25, making a total claim in excess of the statutory $500 limit, or $569.89. Inasmuch as plaintiff, according to the transcript, had brought suit to recover for an amount in excess of $500, the justice had no jurisdiction. While

plaintiff, at the time of instituting his action, could have waived the interest and sued for the principal sum only, it was too late for him to waive the interest at the trial when the question of jurisdiction was first raised by defendant. A justice's jurisdiction is determined by the *amount claimed* and not by the amount of the judgment: Neel v. Cann, 158 Pa. Superior Ct. 426, 428.

Inasmuch as the record shows that the justice was without jurisdiction, the case should have been dismissed by the justice for that reason and should not have been heard on its merits.

With respect to the request of defendant that she be allowed to produce evidence now to show that the interest was waived by plaintiff, it is not within the province of the common pleas court to receive evidence to contradict or amend the transcript of the justice of the peace in the manner requested. Parol evidence is inadmissible to contradict or vary the docket of the justice of the peace: Clark v. McComman, 7 W. & S. 469. A writ of certiorari brings up for review nothing but the record, and the court to which it is returned has jurisdiction to correct only such irregularities, if any, as appear on the face of the record: Holly v. Travis, 71 Pa. Superior Ct. 527.

It is true that parol evidence may be received on certiorari to show that the justice of the peace did not have jurisdiction of a case: Holly v. Travis, supra, at page 532. There is no authority, however, that a court of common pleas may receive parol evidence to prove jurisdiction when the record clearly discloses that he did not have jurisdiction.

### Order

Now, June 4, 1959, it is ordered that the above entitled suit be dismissed for want of jurisdiction in the justice of the peace, and that the costs be paid by plaintiff.