# Wistar *versus* Ollis *et al.*

1. In a proceeding under the Landlord and Tenant Act of March 21st 1772, the record of the justices being regular, it is error for the Common Pleas on certiorari to hear evidence *aliunde* that there was irregularity in summoning the jurors.

2. To establish fraud or want of jurisdiction, the court may hear facts by affidavit; but not to show irregularity which would contradict the records. If heard by the court below, on removal of the record to the Supreme Court they will be disregarded.

3. If there be irregularity in summoning the jurors, and the defendants

[Wistar *v.* Ollis.]

appear before the inquest and are heard on the merits, they will be held to have waived all irregularities.

4. Ayers *v.* Novinger, 8 Barr 412; McMasters *v.* Carothers, 1 Id. 324, remarked on and criticised.

January 12th, 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Philadelphia:* Of January Term 1873, No. 191.

The proceedings in this case were under the Landlord and Tenant Act, and were commenced September 2d 1872, before Andrew, J. Boswell and Joseph Plankinton, Esq'rs., aldermen of Philadelphia.

The complaint was made by Frank Wistar, assignee of Albert D. Cooke. The complainant averred that he was in possession of certain premises (describing them) which had formerly been in possession of Albert D. Cooke, who demised them to T. B. Ollis and A. Ollis, for the period of two years and eight months, which was ended. There were the appropriate averments that the complainant had given notice to quit, the tenants had refused, and that three months has elapsed since its service, &c.

The aldermen issued their warrant to the sheriff, commanding him to summon twelve freeholders to meet on the 5th of September 1872, &c., and also to summon the defendants to appear at the same time to show cause why they should not make restitution, &c.

It appeared by the record that the sheriff had summoned twelve substantial freeholders of his bailiwick, and also the defendants, according to the command of the warrant. The inquisition was taken before the aldermen by the oaths of the twelve men, naming them, and a number of witnesses examined—the defendants being present. They found the allegations of the complaint true, assessed the damages against the defendants at $360, besides costs, and judgment was rendered against them that they give possession of the premises to the complainants and that he recover the damages, $360, from the defendants, &c.

To these proceedings the defendants filed exceptions, viz :

1. The jury were not summoned, selected or impanneled by the sheriff of Philadelphia county, to whom said warrant was directed.

2. They were selected by one Albert Stout, who sat as one of the jury, without authority.

3. The twelve men, with the justices, had no authority or jurisdiction to hear and determine said case.

At the same time the following affidavit of Thomas B. Ollis was filed.

" That the twelve men whose names are attached to the above inquisition, and who sat with the justices to hear and determine the above case, were not selected nor summoned by the sheriff, &c., but that the said twelve men were selected and summoned by one

[Wistar v. Ollis.]

Albert Stout, who himself acted as one of the twelve above named; that the said Albert Stout had no authority in law to select said jury, and the said twelve men did not constitute a legal inquisition of freeholders having authority to hear and determine said case."

On the same day the court ordered that depositions be taken only upon the question : " whether the sheriff did, in fact and in person, select the freeholders mentioned in the affidavit filed, reserving the right in the court to reject said evidence for any legal cause."

Depositions were accordingly taken.  Albert Stout, who was one of the inquisition, in his deposition testified : "that he was a clerk in the sheriff's office at the time the jurors in this case were selected ; that the jurors were selected in the usual way, and that three of them were absent at their meeting ; that Stokes, a deputy sheriff, had charge of the jury ; that he had returned to the sheriff's office and left witness in charge, authorizing witness, if all the jury did not come, to supply their places, which witness did by selecting three of the men who sat on the inquest."

The court below, without delivering an opinion, reversed the judgment of the aldermen.

The complainant removed the record to the Supreme Court, where they assigned for error,

1. The reversal of the aldermen's judgment.

2. Making the order for taking depositions.

3. In returning with the writ of error the deposition of Stout as part of the record and proceedings below.

*A. M. Burton*, for plaintiff in error.—The record of the proceedings before the aldermen was strictly correct and is conclusive.  Parol evidence cannot be heard to contradict it: Mentz v. Hamman, 5 Whart. 150.  A sheriff's return is of such high authority that it cannot be contradicted : Rice v. Groff, 8 P. F. Smith 116 ; Dalt. 189, 190, 191 ; Rolle's Ab., *Return* O ; Watson on Sheriffs 72 ; Diller v. Roberts, 13 S. & R. 60.  Nothing is before the court but the regularity of the proceedings before the justices as it appears upon the record : Pennsylvania Railroad Co. v. Lutheran Congregation, 3 P. F. Smith 445 ; McMillan v. Graham, 4 Barr 140 ; Buchanan v. Baxter, 17 P. F. Smith 348 ; Railroad Company v. Keenan, 6 Id. 198 ; Union Canal Company v. Keiser, 7 Harris 134.

*L. Stover*, for defendants in error.—The depositions do not seek to contradict the alleged record, but show that however perfect in form, it is no record at all, because the men who made it had no authority to sit in judgment on the case.  Depositions from the earliest period have been used in such cases : Vansciver v. Bol-

[*Wistar v. Ollis.*]

ton, 2 Dall. 114; Berginhofen *v.* Martin, 3 Yeates 479; Buck-myer *v.* Dubs, 5 Binn. 29; Dumber *v.* Jones, 1 Ash. 215; Ayres *v.* Novinger, 8 Barr 412; Railroad Co. *v.* Heister, Id. 444; 1 Tr. & H. Practice 715. The court below may receive evidence or not, and it is not a subject of a writ of error: Shortz *v.* Quigley, 1 Binn. 222; Wood *v.* Colwell, 10 Casey 92. And they are the sole judges as to what papers shall constitute the record: Bassler *v.* Niesly, 1 S. & R. 472; Munderbach *v.* Lutz, 14 Id. 125.

Mr. Justice MERCUR delivered the opinion of the court, March 29th 1875.

This was a proceeding before two aldermen to dispossess a tenant under the Act of 21st March 1772. On certiorari from the Common Pleas, the proceedings were reversed; to that judgment this writ of error was taken.

The complaint, warrant, sheriff's return thereon, and inquisition, were in due form of law. The record of the aldermen avers that the sheriff appeared before them on the day the inquisition was held, and returned that by virtue of the warrant to him directed, he had summoned twelve substantial freeholders, to wit (giving their names), and had also summoned the defendants. The record further shows, that on the hearing before the inquest, the defendants appeared by counsel, and introduced witnesses in their behalf. No objection was there taken to the manner in which the jurors had been selected or summoned. After a full trial on the merits, the inquest found against the defendants.

The certiorari issued by the court below was not to the inquest, but to the court of whose record the inquest formed a part. The record of the aldermen was regular on its face. There was no averment of fraud, nor that the jurors were not substantial freeholders. They were not charged with improper conduct in the discharge of their duties. They, as well as the aldermen, possessed all the qualifications necessary to give them jurisdiction. The effort was to contradict the record on parol proof of an irregularity in the manner of summoning three jurors, in place of that number of those first summoned, who failed to attend. To establish fraud or want of jurisdiction, the court might have heard facts by affidavits, but not to show an irregularity which contradicted the records. When heard by the court below they do not come regularly before this court and should be disregarded: Boggs *v.* Black, 1 Binn. 336; Blashford *v.* Duncan, 2 S. & R. 480; Cunningham *v.* Gardner, 4 W. & S. 120; McMillan *v.* Graham, 4 Barr 140; Union Canal Company *v.* Keiser, 7 Harris 134; Bedford *v.* Kelly, 11 P. F. Smith 491; Buchanan *v.* Baxter, 17 Id. 348.

It is not designed to deny the correctness of the ruling in

[Wistar v. Ollis.]

McMasters v. Carothers, 1 Barr 324, and in Ayers v. Novinger, 8 Id. 412, in which it was held that the selection of a jury of inquest was so far a judicial act imposed on the sheriff, that it could not be delegated to another; but they are distinguishable from the present case. The former was a case of partition in the Orphans' Court, in which an inquest had been awarded. The case is badly reported, but it appears the jurors were summoned by a constable from a list furnished by one whose authority is not shown. In setting aside the inquisition, this court said there was a gross inequality in the partition, and the case presented "a bundle of irregularities." In the latter case the *record* showed that the sheriff had deputed one juror to execute the writ, and the depositions showed that this special deputation was made at the request of the landlord's attorney. This was therefore a clear case of fraud on the part of the landlord.

There is, however, another reason why the defendants should not be permitted to now allege an irregularity in the summoning of a part of the jurors. Having been personally served, and attended on the hearing; having gone to trial on the merits, they shall be held to have waived all errors and irregularities in the selection and summoning of the jurors. It is true the Acts of Assembly, which hold that pleading the general issue or a trial on the merits in any court, civil or criminal, is a waiver of all irregularities in drawing and summoning the jurors, do not in express terms apply to an inquest under the Landlord and Tenant Act, yet the whole reason and spirit of them applies with full force: Burton v. Ehrlich, 3 Harris 236; Fife et al. v. Commonwealth, 5 Casey 429; Jewell v. Commonwealth, 10 Harris 94. It follows, therefore, the learned judge erred in reversing the judgment of the aldermen.

> Judgment of the court below reversed, and the judgment of the aldermen is affirmed at the costs of the defendant below and here.