## Holly, Appellant, *v.* Travis.

*Justice of the peace—Court of record—Record—Return of constable's service—Conclusiveness—Parol evidence—Service within county—Certiorari—Act of July 9, 1901, P. L. 614—"With like effect" as sheriff's writ.*

1. A constable's return, regular on its face, showing service within the county, cannot, on certiorari from the common pleas, be shown by depositions to have been made outside the county. Such a return is conclusive and cannot be contradicted by parol testimony.

2. It is error for a court to hold that "a justice's court is not a court of record, and the return of a constable to said court, is not, technically speaking, a record at all, at least not such a record as imports verity, as is the case with the record or court roll of a court of record, and it is therefore not entitled to the immunity from attack of a sheriff's return."

3. A writ of certiorari brings up for review nothing but the record, and the court to which it is returned has jurisdiction to correct only such irregularities, if any, as appears on the face of the record. In such actions, the parties are confined strictly to questions affecting the regularity of the record. Where no irregularity is apparent on the record, nothing is left the court but to dismiss the certiorari.

4. Under section 16 of the Act of July 9, 1901, P. L. 614, which provides that service by constables shall be "in the same manner and with like effect as similar writs are served by the sheriff," a constable's return is as conclusive as that of a sheriff.

Mr. Chief Justice BROWN filed a dissenting opinion, in which Mr. Justice MOSCHZISKER and Mr. Justice FRAZER concurred.

Argued February 23, 1920. Appeal, No. 38, Jan. T., 1920, from judgment of Superior Ct., March T., 1919, No. 24, reversing judgment of C. P. Lackawanna Co., June T., 1918, No. 181, affirming judgment of alderman, in case of S. M. Holly, otherwise known as Lottie Holly v. Wallie Travis. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Appeal from judgment of Superior Court. See Holly v. Travis, 71 Pa. Superior Ct. 527.

The Superior Court reversed the judgment of the court of common pleas. See opinion of latter court in 19 Lackawanna Jurist 169, by NEWCOMB, J. Plaintiff appealed.

*Error assigned* was, inter alia, judgment of Superior court, reversing judgment of common pleas affirming judgment of alderman.

*Clarence Balentine,* for appellant.—The great weight of authority is in favor of the proposition that a defendant may not, on certiorari, contradict a constable's full and regular return of service: Diller v. Roberts, 13 S. & R. 60; Keech v. Price, 16 Pa. Dist. R. 766; Parker Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453; Link & Co. v. Repple, 7 Pa. C. C. R. 138; Garrett v. Turner, 47 Pa. Superior Ct. 128; Ben Franklin Coal Co. v. Penna. Water Co., 25 Pa. Superior Ct. 628; Keystone Tel. Co. v. Diggs, 69 Pa. Superior Ct. 299.

*R. H. Holgate,* for appellee, filed a paper-book after the argument.

OPINION BY MR. JUSTICE STEWART, April 12, 1920:

This appeal is from a judgment of the Superior Court reversing a judgment of the Common Pleas Court of Lackawanna County, given in affirmance of a judgment entered before a justice of the peace in said county. The proceeding before the justice was begun by a landlord to dispossess a tenant at the expiration of the tenant's term, and judgment was there recovered, in default of appearance by the defendant, for possession of the premises and the amount of rent claimed to be due. By writ of certiorari the record of the justice was removed to the court of common pleas, and, on the hearing there, attempt was made to assail the judgment rendered by the justice on the ground that in point of fact, though the record return showed otherwise, the process had been served on the defendant not within the limits of Lackawanna County, but outside. It would be true, of course, that, except as the process had been served on the defendant within the limits of the county in which the justice exercised his office, the proceeding would be nugatory and the justice without jurisdiction of the case. Act of July 9, 1901, P. L. 614, section 15. But how was the court to be informed with respect to the truth of this disputed fact? The learned judge of the common pleas in sustaining the judgment and dismissing the certiorari, held to the view that inasmuch as the justice's record recited a proper and legal service of process on the defendant, within the County of Lackawanna, it was not competent to prove by parol testimony anything to the contrary; that the record returned in compliance with the writ, showing on its face proper and legal service of process on the defendant within the county of Lackawanna, was not open to contradiction, but must be taken as verity and conclusive of the fact.

On appeal to the Superior Court a different result was obtained, and it was there held that, while it is true the record of a court of general jurisdiction is not open to contradiction by parol evidence, such rule is limited and

confined in its applicability to the records of such courts as are, technically speaking, courts of record of general jurisdiction, and has no applicability to the record of a justice of the peace. The opinion is lucidly expressed, and so that there may be no question as to the grounds on which the Superior Court based its reversal of the lower court, we give two extracts from the opinion filed, as well also for the reason that together they very clearly express the two points here at issue. The first reads as follows: "It therefore appeared that the conclusiveness of the sheriff's return and its immunity from contradiction in the action, is due to the fact that it is part of the *records* of the court, which, as SIR WILLIAM BLACKSTONE said, 'are of such high and super-eminent authority that their truth is not to be called in question. For it is a settled rule and maxim that nothing shall be averred against the record, nor shall any plea or even proof be admitted to the contrary:' 3 Black. Com. 24, citing Coke on Littleton, 260. But a justice's court is not a court of record, and the return of a constable to said court is not, technically speaking, a record at all, at least not such a record as imports verity, as is the case with the record or court roll of a court of record, and it is therefore not entitled to the immunity from attack of a sheriff's return." This is the substance of the first assignment of error.

We cannot concur in the view expressed in the above extract. To say that a justice's court is not a court of record, and that the return of a constable to said court is not, technically speaking, a record at all, at least such a record as imports verity, as is the case with the record or court roll of a court of record, and therefore not entitled to immunity from attack by parol evidence, is to run counter to many decisions of this court. Our first reference must be to the case of Coffman v. Hampton, 2 W. & S. 377, which is an express adjudication of this very question. That was an appeal from a judgment obtained before a justice of the peace. On the trial

the defendant called as a witness the justice who rendered the judgment, and proposed to prove by him the cause of action the plaintiff alleged before him on bringing his suit. The testimony was objected to on the ground that the transcript of the justice showed the cause of action, and it could not be contradicted by parol evidence. The objection was sustained, and on appeal to this court, the rejection of the parol testimony was assigned for error. The lower court was sustained in an opinion by Sergeant, J., wherein it is said: "The docket of proceedings before the justice showed explicitly that the action was brought to recover a deficiency in a sale for account of a former purchase. This was the best evidence; and parol evidence was not admissible to contradict or vary it. So also the court was right in refusing the evidence of the justice to show whether his docket set forth precisely the cause of action, for that was to be judged by the docket itself, and not by parol evidence. The case was before the court on appeal, and plaintiff had a right to embrace in his claim whatever was in the scope of his demands on the justice's docket."

In Hazelett v. Ford, 10 W. 101, Chief Justice Gibson, speaking of the judicial character of a justice of the peace, uses this language: "He is the judge of a court which, deriving its jurisdiction from statutory grant, proceeds in most things according to the substance contained in the forms of common law, and whose docket, as to things adjudged before him, has the conclusiveness of a record." In Clark v. McComman, 7 W. & S. 469, the action was on a recognizance which originated before a justice of the peace. On the trial it was attempted to be shown that the recognizance had been illegally taken by the justice. The court overruled the offer of evidence, and on appeal to this court the rejection of the offer was the subject of error assigned. In an opinion affirming the common pleas' judgment Mr. Justice Rogers says: "Mistake or fraud in making up a record can neither be averred nor proved by parol evidence in a

collateral proceeding, nor in an action founded on it.
The only mode of relief is through the court where the
record is thus erroneous. The record must be received
in absolute verity, and speak for itself. If wrong, the
only mode of having it corrected is by application to the
court where the proceeding or judgment was had, to have
it reformed according to the truth, or vacated, as may
be requisite. In no other manner can a party or privy
to the judgment or proceeding be relieved: Morris v.
Galbraith, 8 Watts 166; Hoffman v. Coster, 2 Wharton
452. If, therefore, the recognizance had been taken in
court instead of before a justice, the authorities conclu-
sively show that such a defense would not avail the de-
fendant, because it would be a contradiction of the rec-
ord which imports absolute verity. The remedy would
be by application to the court in which the proceedings
were had to vacate or set aside the recognizance, or, if
there was doubt about the fact, to direct an issue to try
it. Is then the same principle applicable to a recog-
nizance taken by a justice? We are of opinion that in
this particular they are governed by the same rules. It
is true that the proceedings of a justice are not techni-
cally a record, for the court is not a court of record; but
they are in the nature of a record, and being judicial
proceedings they cannot be controverted collaterally, or
in a suit grounded on the judgment of the justice. Tak-
ing a recognizance is a judicial act which cannot be
questioned except by the authority that takes it, and
this principle is necessary to preserve uniformity and
certainty in judicial proceedings. In Hazelett v. Ford,
1 W. & S. 433—a mistaken reference—10 Watts 101 evi-
dently is intended, it is ruled that the validity of the
judgment of a justice of the peace cannot be contradict-
ed in a collateral proceeding by a stranger to it......so
in Coffman v. Hampton, 2 W. & S. 377. The docket of a
justice is the best evidence to show the cause of action
before him, and parol evidence is inadmissible to con-
tradict or vary it." The opinion further proceeds:

"If the authorities above cited are to be viewed as a correct exposition of the law, it would seem that the proceedings of the justice, as to their conclusiveness, are placed on the same platform as the adjudications of a common law court; and it would be difficult to assign a reason for any distinction between them. The rule is founded in convenience, and is as applicable to one tribunal as another." If difficult at that day to assign a reason for making such distinctions between the records of the higher tribunal and that of a justice of the peace, how much more difficult it would be at this later day when the jurisdiction of the justice has been so enlarged that a justice's court now has civil jurisdiction concurrent with the common pleas in some cases, while exclusive in others. It is unnecessary to add further authorities on this branch of the case than those cited since they are to our mind conclusive, and we are therefore constrained to sustain the first assignment of error.

Following the above extract from the opinion of the court which forms the basis of the first assignment of error, this occurs in the opinion, forming the basis of the second assignment: "We are of opinion that the return, of a constable does not possess the conclusiveness of a sheriff's return, and that, although regular on its face, it may, on certiorari from the common pleas, be shown by depositions to have been irregular and invalid. The attack in such cases is not collateral but direct: Diehl v. Stetler, 6 Lanc. L. R. 324, and is in line with the settled law of this State, permitting want of jurisdiction of the justice, and fraud, corruption, or partiality on his part to be shown in such manner." Nor can we concur in this statement of the law. As stated it is contrary to the settled rules of practice, and mistakes the one purpose of the writ of certiorari to which it has always been confined. A writ of certiorari brings up for review nothing but the record, and the court to which it is returned has jurisdiction to correct only such irregularities, if any, as appear on the face of the record. In

such actions the parties are confined strictly to questions affecting the regularity of the record: Esling's App., 89 Pa. 205. Not a single irregularity appears in this returned record. An examination shows that it contains a full, clear and positive averment of every fact that was essential to give the justice jurisdiction of the case. There is no denial of this. The complaint is not of any irregularity in the record, but that it is untrue in that it recites, among other things, that on the 29th of April, 1918, the summons of dispossession issued by the justice and directed to the tenant was served on defendant Wallie Travis, together with a certified copy of the affidavit of complaint, by handing him personally true and attested copies thereof in the Township of Benton, County of Lackawanna, State of Pennsylvania; whereas the summons in point of fact was not served within the County of Lackawanna. It is enough to say that the untruth, if such it was, was not discovered or discoverable on the face of the record, but could be discovered and established only by testimony aliunde. This was attempted to be shown by affidavits with a view of challenging the jurisdiction of the magistrate. We have cited authorities showing that this is not to be done in the case of an appeal, because to do so would have been to contradict a solemn record which imported verity and was conclusive of the fact. With even less reason could the right to contradict the record be urged in a certiorari proceeding such as this was, where the court's consideration of the case was confined to an inspection of the record, and its *regularity*. Where no irregularity is apparent on the record nothing is left the court but to dismiss the certiorari. For the reason stated we are constrained as well to sustain the second assignment of error. In view of the great weight of authorities supporting this conclusion we cannot help but think that the true significance of the remark made by Judge BLACK in the case of Lacock v. White, 19 Pa. 495, in a case which involved neither of the ques-

tions here presented, but which is so much relied upon in the opinion of the Superior Court, has been clearly misapprehended. Manifestly his reference,—where he uses this language, "But a judgment may be given against the party without service of a summons, and without notice of any kind until the time of appeal is passed. Such judgment would be reversed on certiorari......The fact that notice was not given may be proved by parol, notwithstanding some dicta to the contrary,"—was to a judgment where the record returned to the certiorari was defective in not showing actual service of process on the defendant. In every such case parol proof is admissible to show that the process was not served, for it would contradict nothing in the record, and would not therefore be obnoxious to the rule cited. Such construction of the language used would be neither forced nor strained, and would harmonize the expression with the law as it was then and is now; whereas a different construction would imply a judicial misconception of the office of the certiorari and the rules of practice thereunder; a conclusion which the entire profession, of which the learned jurist was a great ornament, would reject as unthinkable.

For the reason stated we sustain the second assignment of error.

The judgment of the Superior Court reversing the judgment of the Court of Common Pleas of Lackawanna County is reversed, and the judgment of the Court of Common Pleas of Lackawanna County is affirmed.

CONCURRING OPINION BY MR. JUSTICE SIMPSON:

I concur in the judgment in this case for the additional reason that the matter is controlled by section 16 of the Act of July 9, 1901, P. L. 614, which provides that "Writs issued by a magistrate, justice of the peace or alderman shall be served in the county wherein they are issued, by the constable or other officer to whom given for service, in the same manner and *with like effect* as

similar writs are served by the sheriff when directed to him by the proper court." This act was passed for the express purpose of promoting uniformity, by section 17 is made "complete and exclusive" so far as the "service of all such writs" is concerned, whether made by a sheriff, coroner or constable; and therefore should be so construed as to establish the uniformity, no matter which of the conflicting views under prior statutes was then or is now believed to have been sound. Evidently this section was passed to remedy that evil.

It is conceded that a service made by the sheriff in the "manner" provided by this act is conclusive on the parties and cannot be contradicted where the return is full and explicit, and also that the return in the present case is full and explicit and would be unassailable if it had been made by a sheriff. The Superior Court's reason for not applying here the rule, which it admits would apply were this a sheriff's return (71 Pa. Superior Ct. 527), is because the act "contains nothing as to the effect of the return of a constable." Neither does it contain anything as to the effect of a return of a sheriff. In either case the "effect of a return" is merely to record what the service was, and if its effect when made by a sheriff under this very act (Park Bros. & Co., Limited, v. Oil City Boiler Works, 204 Pa. 453) is to render it immune from attack, as concededly it does, then a "like effect" must be given to this admittedly full and explicit return by a constable. It is the service and not the return which brings a defendant into court; and the purpose and effect of the service is to require him to answer the exigency of the writ "with like effect" in one case as in the other. These words are practically eliminated by the conclusion of the Superior Court, for the words "in the same manner" fully cover the "manner" of service, and the only purpose of the return is to record a fact which shall thereafter prevent a defendant from successfully alleging he was not notified of the suit, and thereby establish the res adjudicata which arises from

a judgment of a justice of the peace as effectually as it does from that of a common pleas court. "With like effect" can only mean, therefore, that if the return which evidences the service is "full and explicit," so that it could not be attacked if made by the sheriff, neither can it be when made by a constable.

In Roberts v. Donnell, 31 N. Y. 446, by statute, an appeal from the judgment of a single justice of the marine court was allowed to the general term thereof, "in the same manner and with the like effect as appeals in the Supreme Court." It was held: "The 'manner' relates to the mode of proceeding. . . . . the 'effect' relates to the consequences produced by the appeal. . . . 'effect' is an appropriate word to describe a result that follows, after the thing previously spoken of [the appeal] is completed." In Moench v. Young, 9 N. Y. Supp. 637, the words, "with like effect," appearing in a similar statute were held to mean " 'with like results,' and this includes any disposition in the one case which the appellate court could make in the other." No other cases have been found in which these words are used, but the dictionaries give the same meaning thereto, and no other meaning seems possible.

Moreover a consideration of other sections of the Act of 1901 compels the same conclusion. The words "with like effect" do not appear elsewhere therein, but "with the same effect,"—which are in all respects similar,— repeatedly appear. In section 6, clause (b), it is said that if a capias ad respondendum is issued and the defendant cannot legally be arrested, but is served with process, "the cause shall proceed with the same effect as if a summons in trespass had been duly served"; and again, if an alias writ is issued, "the defendant may be arrested by virtue thereof, with the same effect as if arrested on the original writ." In section 9, clause (b), it is said that if when serving a writ of replevin the goods cannot be found the writ shall be served "as in the case of a summons, in which event the cause shall proceed

with the same effect as if a summons in trespass had been duly served"; and again, if an alias writ is issued "said goods and chattels may be taken by virtue thereof, with the same effect as if taken on the original writ." In section 14 it is provided that, if all the defendants are not served with the original writ, "alias and pluries writs may issue......and be served with the same effect as if full service was made of the orignal writ." And finally by section 15 it is provided that where the sheriff is a party to the suit, and the writ is mistakenly directed to him, it "shall be served by the coroner with the same effect as if directed to him." In all these instances the act deals only with the service, and not with the return thereof, yet nobody would for a moment contend that the return could be successfully attacked if it fully and explicitly showed a service in the "manner" provided by law; and this for the reason that when so made it is to have "the same effect," as if it were made under the original writ. "With like effect" should be given "the same effect" in section 16; and for this additional reason I agree the judgment of the Superior Court should be reversed and that of the Court of Common Pleas of Lackawanna County reinstated and affirmed.

Mr. Justice WALLING and Mr. Justice KEPHART join in this concurrence.

DISSENTING OPINION BY MR. CHIEF JUSTICE BROWN:

In the judgment of the majority of this court the opinion of the Superior Court is "lucidly expressed." I would add that it most clearly demonstrates the error committed by the common pleas. The judgment of the Superior Court is reversed, because the majority of this court are of opinion that it runs "counter to our decisions," and three cases are cited and the opinions in them quoted at length as authorities calling for a reversal. Not one of them can be so regarded, and I say this with all due respect to those of my colleagues who think otherwise. In Coffman v. Hampton, all that was de-

cided, and properly so, was that the best evidence of what claim had been made by a plaintiff before a justice of the peace was the written entry of it made by the justice at the time, and, therefore, his parol testimony as to it was properly rejected. In Hazelett v. Ford, the second case relied upon, the action was trespass for the sale of plaintiff's property on an execution issued against another person upon a judgment obtained against him before a justice of the peace, and it was of course held that in the action of trespass, which was a collateral proceeding, the validity of the judgment of the justice of the peace upon which the execution had issued could not be attacked. In other words, the case merely decided that the validity of a judgment of a justice of the peace cannot be controverted in a collateral proceeding by a stranger to the judgment. Here the appellee was a party, and not a stranger, to the judgment, which he attacked directly by certiorari in the court below, the only way in which he could attack it. How then can this second case be regarded as an authority for reversing the Superior Court, which passed upon an entirely different question? In the third case, Clark v. McComman, the action was upon a recognizance which had been taken by a justice of the peace for a stay of execution, and it was attempted to show, by way of defense, that it had not been properly taken. What the case decided was that, with the record of a justice of the peace undisturbed, parol evidence is not admissible in an action upon it, or in a collateral proceeding, to show fraud or mistake by the justice. In the case under consideration the appellee, as already stated, made a direct attack upon the judgment entered against him, on the ground that the justice was without jurisdiction to enter it, the process not having been served upon him. His right to show this by parol testimony has been distinctly recognized by this court up to the present time. "Judgment may be given against a party without service of a summons, and without notice of any kind until the time of appeal is

past. Certainly this is a great injury, and if there be no remedy but to open the judgment it would be hard to deny that. There is a remedy, however. Such a judgment would be reversed on certiorari. The twenty days' limitation does not apply to cases in which the justice has no jurisdiction either of the parties or the subject-matter, and he has no jurisdiction of the former when they are not legally summoned. The fact that notice was not given may be proved by parol": BLACK, C. J., in Lacock v. White, 19 Pa. 495. Parol evidence is admissible "to establish want of jurisdiction in the justice, his corruption, or refusal to hear testimony": Road Commissioners v. Fickinger, 51 Pa. 48. The same view is expressed in Wistar v. Ollis et al., 77 Pa. 291. Clearly the appellee should have been allowed to offer testimony in support of his exceptions to the proceedings before the justice brought up to the court below on certiorari.

If there had been service by the constable within Lackawanna County it would have had the same effect as service of process by a sheriff. But there was no service, and it seems to me that the concurring opinion begs the question in speaking of the effect of a service of a writ by a constable. The Act of 1901 says nothing of the effect of a return. The effect of a sheriff's return is not statutory. It is conclusive because it becomes part of the records of a court of record, which "are of such high and super-eminent authority that their truth is not to be called in question. For it is a settled rule and maxim that nothing shall be averred against a record, nor shall any plea, or even proof, be admitted to the contrary": 3 Blackstone 24. By the judgment entered by the majority of my brethren, a magistrate's court is now given the dignity of a court of record, though it never before has had such distinction. It is classed in the courts not of record by section 10 of the judiciary article of our Constitution.

For the reasons stated I would affirm the judgment of the Superior Court.

Mr. Justice Moschzisker and Mr. Justice Frazer concur in this dissent.