## Durbin v. Steele.

*Justice's court—Jurisdiction—Summons—Service in another county—Constable's return — Regularity — Presumption — Admission — Acts of June 13, 1836, and July 9, 1901.*

1. A judgment entered by a justice of the peace will be stricken off where the summons was served on defendant in another county.

2. The Acts of June 13, 1836, P. L. 579, and July 9, 1901, P. L. 614, require the return to show the time, place and manner of service, and while ordinarily such return cannot be contradicted and it is conclusively presumed the service was regular, this rule does not apply where it is admitted in the pleadings that the service was made outside the county.

Motion to strike off judgment entered on transcript from a justice's court. C. P. Greene Co., Dec. T., 1926, No. 18.

*James J. Purman*, for plaintiff; *Kyle & Reinhart*, for defendant.

SAYERS, P. J., June 4, 1927.—The petition alleges that the summons to appear before a justice in Greene County was never served on the defendant, who was not a resident of Greene County and not within the jurisdiction of the justice; that an attempted service was made by the Greene County constable on defendant's husband in Washington County, who resided on her farm, but her dwelling-house or residence was not on the farm and she did not reside with her husband at the time and has not for several years. She alleges that she did not know of the judgment against her until she learned of a *testatum fi. fa.* on the transcript of the judgment filed at the above number and term. She says the transcript was entered without a proper certificate to the prothonotary by the plaintiff, his agent or attorney, showing the precise residence address of the judgment creditor as required by Act of March 31, 1915, P. L. 39. She avers she was not served with a copy of any book account, and she is advised that the whole proceeding is irregular and defective, and that the judgment should be stricken off because the justice

had no jurisdiction, the constable had no right to serve a summons in Washington County, and because judgment was entered without the certificate of the creditor's address as required by the Act of 1915.

She avers she was not indebted to the plaintiff, but the plaintiff actually owed defendant for services rendered.

Plaintiff demurred to the petition, alleging that the judgment had been entered on a transcript regular on its face, and the court is without power or jurisdiction to strike off the judgment or grant petitioner any relief.

This being a demurrer, the facts stated in the petition must be accepted as true. The objection to entering judgment without proper certificate of residence of the judgment creditor under the Act of 1915 cannot avail the petitioner, because the record shows the certificate of residence and transcript were filed the day the judgment was entered.

The constable attempted to serve his writ, a long summons, in a county to which the jurisdiction of the justice did not extend, on an adult not a member of defendant's family, at a place not her residence or dwelling-house.

The objection that no book account was served on defendant is of no effect. There does not seem to have been any attempt to take judgment on a copy of account as provided by Act of July 7, 1879, P. L. 194, but the judgment was entered after and upon the testimony of plaintiff, who produced and swore to his account.

Demurrant alleges that petitioner has mistaken her remedy because the judgment, regular on its face, cannot be stricken off. If the judgment is regular on its face, it then follows that it should not be stricken off: First National Bank v. Fair, 72 Pa. Superior Ct. 457, 460, and cases cited. The judgment should be stricken from the record if void on its face: McKinney v. Brown, 130 Pa. 365; Hicks v. Building Association, 12 Dist. R. 143. The fate of the petition depends on the sufficiency of the transcript, and not of any matter de hors the record: Saxman v. Perkins, 6 Dist. R. 548; Althouse v. Hunsberger, 6 Pa. Superior Ct. 160; Holly v. Travis, 267 Pa. 136.

If we accept the facts as admitted by the demurrer, the service of the writ was irregular and void, and so was the judgment. There are cases that hold that if the record shows jurisdiction, the judgment cannot be stricken off (Greider v. Kauffman, 19 Dist. R. 90), and that the only remedy is by appeal or certiorari (Wilson v. Wilson, 35 Pa. C. C. Reps. 303), even if the defect is apparent on the face of the record.

The defendant's claim here is on authority of Pantall v. Dickey, 123 Pa. 431, that the judgment is void for want of jurisdiction to enter it; it matters not how or in what mode or when it is brought to the court's attention, and, being void, it has no force, and defendant can disregard it until an effort is made, as in this case, to enforce it.

Is the return of the service by the constable so bad on its face that it will not support a judgment or give the justice jurisdiction? The Act of July 9, 1901, § 1, P. L. 614, provides that a writ of summons shall be served "(b) by handing a true and attested copy thereof to an adult member of his (defendant's) family at his dwelling-house." The 16th clause of the same act, providing for service of writs issued by justices, provides that: "They shall be served in the county wherein they are issued by the constable . . ." The act does not provide how the return shall be made, except, presumably, it is to follow the above language and to be, as many cases have recited, "full and explicit:" Holly v. Travis, 267 Pa. 136, 145.

In Taylor v. Tudor et al., 81 Pa. Superior Ct. 306, and 83 Pa. Superior Ct. 459, it was held that the validity of a judgment obtained before an alderman,

Durbin v. Steele.

entered in the Common Pleas on a transcript regular on its face, could not be attacked by motion to strike off or by way of defence to a *scire facias*, and in Holly *v.* Travis, *supra*, the Supreme Court has held that the regularity of a justice's record cannot be attacked by evidence *de hors*, even on *certiorari*.

When the transcript fails to show a proper service as provided by the Act of 1907, the court will strike off the judgment: Frisbie Lumber Co. *v.* Kratzer, 6 D. & C. 295; Roberson *v.* Ayres, 16 Dist. R. 654; National Casket Co. *v.* Marley, 29 Pa. C. C. Reps. 280; Hicks *v.* Building Association, 12 Dist. R. 143.

If there is anything irregular about this transcript and judgment, it is the constable's return of service. The summons was issued July 20, 1926, returnable July 28th. The constable's return was: "And now, July 21, 1926, summons returned on oath. Served a true and attested copy of the original summons on Mary E. Steele by leaving at her residence with an adult member of her family. So answers J. E. Bruce, Constable." The return conforms sufficiently to the language of the above recited clause of the Act of 1901 to be termed regular, full and explicit, if you substitute for "handing" the word "leaving" and "dwelling-house" for "residence."

It is admitted that the service of the writ, which is the basis of the action, is irregular and void because made out of the county. It is denied that this appears on the face of the transcript.

The transcript shows a regular return of service, but does not show where the service was made. Such a service has been held irregular, but not void, it being presumed, of course, that the service was made in the county: Export Lumber Co. *v.* Lepusnak, 12 Pa. Justices' Law Repr. 29; Moll *v.* Connors, 30 Dist. R. 1001. The return should show that the writ was served in Greene County: Robbins and Son *v.* Lynn, 15 Pa. Justices' Law Repr. 182; Chaplin Grocery Co. *v.* Meo, 13 Pa. Justices' Law Repr. 128; Holly *v.* Travis, 71 Pa. Superior Ct. 527, 267 Pa. 136.

To permit this judgment to stand under the admitted circumstances and to allow defendant's land to be sold on the *testatum fi. fa.* would be gross injustice.

Clause 16 of section 1 of the Act of July 9, 1901, P. L. 614, provides that writs issued by a justice of the peace shall be served in the county where they are issued in the same manner as similar writs are served by the sheriff. We, therefore, hold that this act, in connection with the Act of June 13, 1836, P. L. 579, requires the constable serving the writ to state in his return the time, manner and place of service. It is a requirement of the Act of 1901 that the writ be served within the county, and such a service is necessary to give the justice jurisdiction. While there is usually a conclusive presumption in a case of this kind that the proceedings were regular (Saxman *v.* Perkins, 6 Dist. R. 548), it is admitted by the pleadings here that the service does not comply with the law.

If the constable's return had set forth that the writ was served in Greene County, as we think it should do, then we could not, under the majority opinion in Holly *v.* Travis, 267 Pa. 136, contradict this return by evidence *de hors* the record. Since the return, however, is silent as to the place of service and is only presumptively correct, we think on *certiorari* that presumption could be overthrown by evidence outside the record. See dissenting opinion of Chief Justice Brown in Holly *v.* Travis, *supra*, page 149. We could stay execution indefinitely, as was done in Singer *v.* Singer, etc., 2 Pa. C. C. Reps. 578, and pending the stay, defendant might obtain relief by *certiorari*, but why should she be put to such additional trouble under the facts here? It would be a vain thing to require her to prove on *certiorari* what is already admitted here,

namely, that the only attempt to serve the writ on the defendant was at a place beyond the jurisdiction of the justice.

### Order.

And now, June 4, 1927, after consideration of the petition, demurrer and arguments of counsel, the demurrer is overruled, and unless plaintiff files other answers to the petition within fifteen days, a final order and decree will be made striking off said judgment; execution to be stayed on the *testatum fi. fa.* and the lien of the levy to remain until further order of this court; notice of this order and decree to be given to the Sheriff of Washington County, Pa.

From S. M. Williamson, Waynesburg, Pa.