Futer v. Futer, Jr.

*Guy K. Bard*, for *certiorari; Robert Ruppin*, contra and for rule.

GROFF, J., Sept. 29, 1928.—In the above case a summons in *assumpsit* was issued on May 11, 1928, by John F. Burkhart, an alderman in the City of Lancaster, requiring Omer Futer, Jr., of No. 650 East King Street, in said city, to appear and answer said summons on May 18, 1928, between the hours of 10 and 10.30 o'clock A. M. A hearing was had before said alderman in said case on the return-day of the writ. The plaintiff appeared, but defendant did not. A hearing was had and a judgment was entered against the defendant for $87.50, with interest. Defendant having learned of this judgment being entered against him did, on May 29, 1928, file a præcipe, directing the prothonotary of this county to issue a writ of *certiorari* to John F. Burkhart to bring up his record, with all things touching the same, before our judges, at Lancaster, at our Court of Common Pleas, there to be held on the third Monday in June, 1928, and so forth. On June 5th a writ of *certiorari* was issued, returnable the third Monday in June, 1928. On June 13, 1928, pursuant to the command contained in the said writ of *certiorari*, John F. Burkhart returned the record to the Court of Common Pleas of Lancaster County. On June 14, 1928, four exceptions were filed to the record, only two of which we think are pertinent to the case, viz.:

1. It [the alderman's docket] does not show that the summons was served on the defendant or left at his place of residence.

3. The summons, as shown by the transcript of the docket, was left at the home of Mrs. Susan Wenger, No. 650 East King Street, Lancaster, Penna.

These two exceptions will be considered hereafter at their proper place.

The defendant, on Aug. 25th, filed a motion to quash the writ of *certiorari* for these reasons:

1. The rule to appear and plead endorsed on the writ is not signed or attested.

2. The record does not show that a rule to plead was ever served upon the plaintiff, as required by section 2 of Rule 10 of this Court, and no such rule was in fact ever served upon the plaintiff or her attorney.

3. The exceptions relate to matters of fact outside of the record and are not verified by affidavit.

The only reason assigned for quashing the writ that might have merit is the second reason. In examining the Rules of Court we find section 2 of Rule 10 of the Court of Common Pleas of this county is as follows:

Section 2. The prothonotary shall endorse on each writ of *certiorari* a rule to appear and plead on the return-day of the writ, which rule shall be served on the party other than the one suing out the writ. In default of an appearance by said party after proof of such service, the cause may, when called for argument, be proceeded with *ex parte*.

The defendant was not injured by the non-observance of this rule, for she voluntarily appeared in court and has participated in all the proceedings had in the case. The third reason for quashing the writ is incorrectly stated, for the reason that one of the exceptions to the record stated in substance that the writ was incorrectly served. We, therefore, find nothing in the reasons assigned for quashing the writ, and we dismiss the motion to quash the writ and proceed to consider the merits of the exceptions filed to the record of the alderman.

Both plaintiff and defendant took depositions, the one trying to establish the legal service of the writ, the other trying to show the illegal service thereof. In Holly *v.* Travis, 267 Pa. 136, we find that the Supreme Court decided, as reported in the syllabus of that case:

1. A constable's return, regular on its face, showing service within the county, cannot, on *certiorari* from the Common Pleas, be shown by depositions to have been made outside the county. Such a return is conclusive and cannot be contradicted by parol testimony.

3. A writ of *certiorari* brings up for review nothing but the record, and the court to which it is returned has jurisdiction to correct only such irregularities, if any, as appear on the face of the record. In such actions, the parties are confined strictly to questions affecting the regularity of the record. Where no irregularity is apparent on the record, nothing is left the court but to dismiss the *certiorari*.

4. A constable's return is as conclusive as that of a sheriff.

We, therefore, conclude that we cannot look outside of the record for irregularities, and if the writ of *certiorari* is to be sustained, we must find the irregularties in the record itself.

Examining the Act of July 9, 1901, P. L. 614, we find in section 16: "Writs issued by any magistrate, justice of the peace or alderman shall be served in the county wherein they are issued by the constable or other officer therein to whom given for service, in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court." And in examining section 1 of the said act, we find that the writ of summons may be served in five different ways. The service of the summons in question, according to the return, was attempted to be made under paragraph *(d)*, section 1, of the said act of assembly, which reads as follows: "By handing a true and attested copy thereof, at his place of residence, to the manager or clerk of the hotel, inn, apartment-house, boarding-house, or other place of lodging at which he resides."

The return to the service of the writ of summons issued by the alderman in this case, as it appears on the record, reads as follows: "Served the within writ May 12, 1928, upon the within named defendant, by handing a true attested copy thereof to an adult member, Mrs. Susan Wenger, at rooming house 650 East King Street." This return must be taken as correct, and, if

98

so, it is defective, in that it did not show service on the manager, or clerk, having control of the apartment-house, boarding-house or place of lodging of the defendant, and it does not show that the defendant resided at the said place. It is absolutely necessary that the service should be made in accordance with the act of assembly, the purpose being to give notice to defendant of the fact that suit has been brought against him, so that he may appear and properly defend. We, therefore, sustain the *certiorari* and set aside the proceedings before the alderman.

Writ sustained and proceedings before the alderman set aside.

From George Ross Eshleman, Lancaster, Pa.