## Sanders v. Eckman

W. J. *Sanders*, pro se; *Cummings & Gubin*, for defendant.

LLOYD, J., May 4, 1931.—The above proceeding is before us on certiorari and exceptions to the record of C. B. Wilvert, an alderman of the City of Sunbury, Pa. The record shows a suit instituted by W. J. Sanders against the defendant to recover the cost of repairs to the chimney of a dwelling leased by Sanders to the defendant; that the defendant while a tenant of the plaintiff attached the one end of a heavy aerial to the said chimney and the other end to a tree; that during a wind storm the shaking of the tree caused the said aerial to pull down a portion of the chimney; that the defendant failed to make the repairs to the chimney and that plaintiff instituted suit to recover the sum of $4.75 as the cost thereof; that a summons issued from the alderman to Frank Withington, constable of Snydertown, Northumberland County, Pa., and was by him served on the defendant; that there was no appearance by the defendant; that after hearing testimony on behalf of the plaintiff a judgment was publicly rendered against the defendant for the sum of $4.75, together with costs. The defendant thereupon caused a certiorari to issue and assigns in support the following exceptions:

"1. The copy of the summons served on L. C. Eckman shows on its face that it was not addressed to any constable whatsoever.

"2. The record of the alderman shows that the summons was served by a constable of the Borough of Snydertown, whereas the alderman being an alderman of the City of Sunbury, under the law the summons should have been directed to a constable of the City of Sunbury.

"3. The copy of the summons served on L. C. Eckman was not a true copy and attested copy as required by the act of assembly. (A true copy of the summons served being hereto attached and made a part hereof.)

"4. The return of the constable does not show on whom the summons was served, it simply stating 'by handing a true and attested copy thereof of summons of L. C. Eckman to an adult member of his family at his dwelling house.'

"5. The record shows that the alderman was without jurisdiction of the cause of action, for the reason that the action was brought in assumpsit, while an examination of the record shows the action to be one in trespass and not assumpsit.

"6. Because the proceeding to No. 412, December Term, 1929, being between the same parties for the same cause of action, as appears from an examination of the two records, is res adjudicata.

"7. Under Rule of Court 15, sections '(n)' and '(o)', page 27 of the rules of court, it is provided:

"'(n) When any matter on or proper for the argument list shall have been adjudicated without making express disposition of the costs incurred in and about such matter, the same shall be paid by the party against whom the adjudication was passed.'

"'(o) Where a case has been discontinued or a nonsuit has been entered, a second suit against the same defendant for the same cause of action shall not be brought until the costs of the first suit have been fully paid.'

"A comparison of the record to No. 412, December Term, 1929, with the record now under consideration will disclose that the suit under consideration is against the same defendant and for the same cause of action. The record of the Court of Common Pleas of Northumberland County at No. 412, December Term, 1929, shows that the costs were not paid in said former suit as required by the rule of court. The suit must, therefore, be dismissed and judgment entered in favor of the defendant for costs."

We shall consider the exceptions in the order presented.

Exceptions 1 and 2. Section 1 of the Act of April 27, 1911, P. L. 86, provides:

"That from and after the passage of this act, any summons issued by an alderman or justice of the peace may be directed to and served by any constable of the county within which said alderman or justice of the peace reside," etc.

The record of the justice shows the issuance of a summons to Frank Withington, constable of Snydertown, this county, and the summons returned by him is in part as follows:

"County of Northumberland, ss.

"The Commonwealth of Pennsylvania.

"To Frank Withington, Constable of Snydertown, Pa., Greeting:

"You are hereby commanded to summon L. C. Eckman, of Sunbury, Pa., in said County, to be and appear on the 19th day of August, 1930, between the hours of 2 and 3 o'clock P. M., before the subscriber," etc.

The defendant, however, assails the summons on the ground that it was not addressed to any constable whatsoever and for our inspection has presented the summons which he says was served upon him, and in this summons no name of any constable appears. If called upon to determine the summons upon which service was had, we would unhesitatingly elect that presented by the defendant; but no useful purpose would be conserved thereby, for the certiorari brings before us nothing but the regularity of the record which may not be contradicted by evidence aliunde. Also, the constable's return is a part of the record and as such is conclusive: Holly v. Travis, 267 Pa. 136. Moreover, a like situation was presented in the case of Paul v. Vankirk, 6 Binney 123, 124. The court, in sustaining the service, there said:

"The act of assembly orders that the justice shall direct his warrant to the constable of the district. This execution is directed to .......... constable. It would have been more proper to direct it to the constable by name or to the

constable of the district generally; but it may be supported because it is admitted that it was executed by the constable of the district. The word constable with a blank cannot be said to be directed to a wrong constable, and may be understood as intended for the right one."

Exception 3. The constable returned under oath that the copy of the summons served on the defendant was a true and attested copy. This return, as before noted, is a part of the record, imports verity and may not be contradicted by evidence aliunde: Holly v. Travis, supra. Moreover, a comparison of the copy alleged to have been served when compared with the summons returned by the justice shows them to be identical in all respects except that the name of the constable is omitted from the one alleged to have been served. The omission is not fatal, for the alderman may correct or amend his docket to conform to the facts even after the issuance of a certiorari: Barlement v. Mecke, 22 Pa. C. C. 126; Wertzler v. Herchelroth, 8 Dist. R. 423; Com. v. Huyett, 25 Dist. R. 631; The C. Wilderman Co. v. St. Mary's Church of Plymouth, 13 Dist. R. 686.

Exception 4. Section 1 of the Act of July 9, 1901, P. L. 614, provides the method under which the service of a summons may be had. The return of the constable shows a service in the precise language of the act. Hence a good service. The return is sufficient without naming the individual upon whom the service was had.

Exception 5. The action was not brought to recover damages for injuries sustained to the realty as the result of a trespass committed by the tenant, but to recover the cost of repairs which the tenant was required to make, even in the absence of an express covenant to make them, in order to surrender the premises at the end of the term in the same state and condition as they were when demised, subject only to the deterioration produced by ordinary wear and tear and the reasonable use of them for the purposes for which it was rented. The repairs for which the suit was brought cannot be said to be repairs occasioned by the ordinary wear and tear of the premises. He was, therefore, bound to make the said repairs, and, having failed, his liability therefor arose.

"A tenant is bound to commit no waste and to make fair and tenantable repairs, such as putting in windows or doors that have been broken by him, so as to prevent waste and decay of the premises; but not to make substantial and lasting repairs, such as to put on new roofing: 2 Esp. N. P. 590. He is not liable for general repairs (Horsefall v. Mother, Hall's N. P. C. 7); nor is he compellable to restore premises, if burned down, or become ruinous by any other accident, without any default on his part. And in all cases there is an implied assumpsit arising out of the relation of landlord and tenant to use the premises in an ordinary and proper manner:" Long v. Fitzimmons, 1 W. & S. 530, 532.

Where a tenant leaves premises out of repair, the measure of damages is the cost of putting them in repair: Darlington v. De Wald, 194 Pa. 305. It is, therefore, clear that the action in assumpsit was proper and the amount was within the statutory limitation. The alderman had jurisdiction.

Exceptions 6 and 7. This case was previously before us by the same parties and upon the same cause of action. It was returned to No. 412, December Term, 1929, and we there sustained a certiorari and set aside the proceedings of the alderman. No judgment was entered for the defendant and none could have been entered. The present situation is precisely the same as that in the case of Nissley & Good v. Hoffman Bros., 22 Lanc. L. Rev. 339. The language of Hassler, J., in that case is peculiarly applicable to the present exception. We quote therefrom as follows:

70

"Our attention has been called to the Act of May 11, 1901, P. L. 164, which provides that when the proceedings of a justice of the peace are reversed on certiorari and judgment given by the court for the defendant, said judgment shall be entered of record and shall carry with it all costs incurred in the case. When the proceedings in the first suit were set aside, no judgment was entered for the defendant in this court on the cause of action involved here. The merits of the question were not passed upon in that decision. The only question was the jurisdiction of the justice, and, it appearing that he did not have jurisdiction, the proceedings were set aside, leaving the parties in the same position as though no suit had ever been commenced. At most, the act of assembly, so far as this case is concerned, gave a new remedy for costs other than the one provided for by the Act of March 20, 1810, P. L. 220, section 25, which is the only other act on the subject. There is nothing in the Act of 1901 that prevents the plaintiff from beginning another action until he has paid the costs in the one which has been set aside, and even though there was, it would not be effective in this case, because no judgment was entered for the defendants, and, therefore, it would not be a bar to the plaintiffs' proceeding as they did in beginning the present suit: Com. v. Hoffman, 21 Lanc. L. Rev. 173."

Neither can the proceedings be said to be res adjudicata. The said Act of 1810, which regulates the procedure on certiorari, expressly refers to a "second trial being had before the same or any other justice."

And now, May 4, 1931, defendant's exceptions are overruled and the judgment of the alderman is hereby affirmed.

An exception is noted and bill sealed for the defendant.

From C. M. Clement, Sunbury, Pa.