## Margalski v. Yankauskas

*T. G. Wadzinski*, for plaintiff.

*Solomon Lubin* and *Harold Rosenn*, for defendant.

LEWIS, J., September 28, 1951.—This action was commenced by a summons in trespass issued at the instance of plaintiff, Jennie Margalski, against defendant, Paul Yankauskas. Service was made by a constable upon Mrs. Paul Yankauskas, an adult member of defendant's household, on August 22, 1950. The

constable's return, however, failed to indicate the precise hour at which service was made. A hearing, which was not attended by defendant, was held before a justice of the peace, at which time a judgment in favor of plaintiff and against defendant was rendered in the amount of $186. By virtue of a writ of certiorari, issued by this court on April 18, 1951, the justice of the peace was ordered to send up the proceedings in this case. Defendant filed the following exceptions to the record and proceedings before the justice of the peace.

1. The constable's return is defective and irregular on its face, in that it fails to state the time service was made.

2. The justice of the peace was without jurisdiction over the person of defendant.

These exceptions are now before this court.

Counsel for defendant admitted at the argument of this case, that defendant had actual knowledge of the judgment of the justice of the peace more than the statutory period of 20 days before the writ of certiorari was issued. See Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 21, 42 PS §951.

". . . If the defendant has not knowledge of the suit, either constructively or actually, i. e., has not been properly served with the summons, or if the summons, though properly served, is fatally defective, then *certiorari* must issue within 20 days from actual notice, and if it is not sued out within that time, the right to the writ is forever lost; . . . [When] the record does not show legal service of process, a *certiorari* will be allowed, though not taken within 20 days after judgment, if taken within 20 days after the defendant first had knowledge that judgment has been rendered": Valentine, Subordinate Courts, pp. 501-03.

This court in Quigley v. Borough of Miners Mills, 47 Pa. C. C. 438, 441, held that:

". . . Where the denial of jurisdiction which would permit a *certiorari* after twenty days, is based upon the service and not upon the cause, as in this case, the *certiorari* must be sued out at least within twenty days after knowledge of the judgment is obtained." See also Mager & Paul v. Zawislak et ux., 29 Luz. 488.

It follows, therefore, that, even if the justice of the peace did not have jurisdiction over the person of defendant, the exceptions must be dismissed and the judgment affirmed because defendant failed to obtain the writ of certiorari within 20 days after he received actual notice of the entry of the judgment. However, we cannot agree with defendant's contention that the justice of the peace lacked jurisdiction over defendant.

The return of service by the constable is defective in that the precise hour in which the service was made is omitted. See Pa. R. C. P. 1013(*b*) However, this defect in the return of service does not render the service improper and thereby deprive the justice of the peace of jurisdiction over defendant. The return of service shows on its face that service was made in compliance with the statutory requirements; and on certiorari, the record cannot be contradicted: Holly v. Travis, 267 Pa. 136. Defendant does not contend that the constable's service, as actually made, did not comply with the statute. He contends only that the service was rendered improper by an omission in the return of service. Omissions of this nature may be supplied by the constable who, with leave of court, may amend his return in order to make it complete. See 2 Anderson Pennsylvania Civil Practice, p. 292. However, for the reasons above stated, such procedure will not be necessary in this case.

Now, therefore, the judgment of the justice of the peace in the amount of $186 in favor of Jennie Margalski and against Paul Yankauskas is affirmed, and the exceptions of defendant are dismissed.